## HAPP v. HAPP et al.

### No. 11087.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1942.

Rehearing Denied March 4, 1942.

Sidney P. Chandler and J. B. Trimble, both of Corpus Christi, for appellant.

L. L. Gragg and S. L. Gill, both of Corpus Christi, for appellees.

NORVELL, Justice.

The appellant, Lewis S. Happ, filed suit against appellee, Harriett Morden Happ, praying for a divorce and division of community property. J. Russell Morden, the father of appellee, was made a party to the proceedings, it being contended that he asserted some claim in and to the alleged community property.

The case was tried to a jury before a special judge in the 117th District Court of Nueces County.

The appellee, hereinafter referred to as Harriett Morden, sought to defeat the action for divorce by contending that at the time of her marriage to Happ she was actually the wife of one George Edward Busch.

At the conclusion of the evidence, the court permitted appellant to file a trial amendment in which he asserted that J. Russell Morden, Harriett Morden and appellant, prior to the acquisition of the real property situated in Nueces County, Texas, and involved in the suit, had agreed "that they should convert their properties into cash funds and that such funds should be used to purchase * * * (said) property and that such property should be purchased and owned by them jointly and in equal proportions when acquired."

The jury in answer to special issues, in effect, found that appellee, Harriett Morden, had not married George Edward Busch; that the property involved was in part the community property of Lewis S. Happ and Harriett Morden. In answer to special issue No. 14, the jury found that "Lewis S. Happ, Harriett Morden and J. Russell Morden had agreed that the real property located in Corpus Christi, Texas, in controversy in this suit, should be owned by them jointly and in equal proportions when acquired."

Judgment was entered against appellant, however, upon appellees' motion for judgment non obstante veredicto.

Appellant's contention that the special judge was not authorized to try this case is overruled. Article 5, § 7, Texas Constitution, Vernon's Ann.St.; Article 1887, Vernon's Ann.Civ.Stats.; Dean v. Dean, Tex.Civ.App., 214 S.W. 505.

The controlling question in the case relates to the entry of judgment non obstante veredicto, and may be narrowed to an inquiry as to the correctness of the holding that there was *no* evidence supporting the jury's answer to special issue No. 14, which was submitted under the trial amendment above mentioned.

Appellees submit that the verdict of the jury is "so clearly against the preponderance of the evidence as to show whim, caprice, passion and prejudice."

When considered in connection with the evidence, the verdict as a whole is far from satisfactory. Certain findings are wholly unsupported by any evidence. For instance, the marriage between appellee, Harriett Morden, and George Edward Busch is conclusively shown by uncontradicted documentary evidence, yet the jury found there was no such marriage, and answered numerous subsidiary issues presupposing a valid marriage between appellant and appellee, Harriett Morden.

■■ The fact, however, that a verdict is tainted with prejudice or caprice does not authorize a trial court to substitute its fact findings for the tainted jury verdict and render judgment accordingly. A judgment non obstante veredicto is only authorized in cases in which an instructed verdict would have been proper, or when a special issue finding has *no support in the evidence,* in which instances said finding may be disregarded upon proper motion. Article 2211, Vernon's Ann.Civ.Stats.

Since the case turns upon the answer to special issue No. 14, we examine the evidence relating thereto in some detail.

The appellant testified, in substance, that an agreement relating to a joint acquisition of property, as found by the jury, had been made. Appellees, however, rely upon the rule announced in Southern Surety Co. v. Inabnit, Tex.Civ.App., 1 S.W.2d 412, 415, wherein it is stated that "The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties."

Appellees call our attention particularly to the italicized portion of Lewis Happ's testimony which is here set out in its proper context:

"In answer to the question 'isn't it true that on the hearing on the motion to dissolve the receivership in this case you testified under oath that your interest amounted to $1158.00, that is to say an interest equal to a proportionate part of the whole or $1158.00 bore to the total investment?'—will say that is what I thought at the time. That is right—I did testify at that time that I and Mrs. Harriett M. Happ and Mr. Morden had pooled our money to buy this property and that I was to get a proportionate interest equal to that part that the whole investment of that money I put in bore to the total investment. It was all pooled. It is true that I now testify and

claim that I own a one-third interest in the four pieces of property involved in this suit under an alleged agreement with Mr. Morden and Mrs. Happ. To the best of my knowledge every time I testified I was under oath and I can explain every situation about this three-way agreement—*and I will also go further and say I admit that I said to Mr. Morden and Mrs. Happ that 'I care nothing about having any interest in this place here' for the reason that Mrs. Happ said 'dad thinks he has everything.' But I have loved her all her life and let her think she has everything and let her father think so.* I am going by the best of my knowledge at the time that you are asking me the question. That is according to the best of my knowledge. No contract was ever drawed up for that one-third interest. When we went away north we talked about it and after we got there we talked about it, that the agreement was so. I don't care what you say and they say; but it is a fact and, if I let those people believe they owned that piece of property that was my privilege."

Appellees also introduced in evidence a letter written by appellant to the Benefit Association of Railway Employees. It appears that Happ was an employee of the Erie Railroad and had been drawing "sick benefit" from the association. Some question as to the validity of Happ's claim had been raised and the Association had evidently made an investigation relating thereto. In this letter Happ insisted that he was still disabled and made the following statements:

"First, I am positively not operating a tourist court or am not working at anything else.

"Second, I do not own a tourist court or any other business.

"Now I will explain why such a report was possible. I am staying at a tourist court owned and operated by my father in law, J. Russell Morden, a card enclosed disclosing this fact, * * *."

The above statements were directly contradictory to Happ's testimony upon the trial as to the arrangement he had with appellees regarding the acquisition and ownership of the property here involved, which included the tourist court mentioned in the letter. His explanation was that he was actually sick and needed the money from the Association for sustenance and the business of the tourist court was insufficient to pay him any compensation at the time.

It is not deemed necessary to review at length additional statements from the record contained in appellees' brief. Said appellees contradicted Happ's testimony as to the arrangement had with reference to the acquisition of the Corpus Christi property.

■ The rule applicable to a review of the evidence by an appellate court, in determining appeals from judgments based upon peremptory instructions and motions for judgment non obstante veredicto, is well settled. "In determining in any case whether or not error has been committed by a trial court in instructing a verdict [or rendering judgment non obstante veredicto], the testimony must be considered in the light most favorable to the losing party. Conflicts in the testimony must be disregarded, and every intendment reasonably deducible from the evidence must be indulged in favor of such party and against the verdict," or the judgment non obstante veredicto. Anglin v. Cisco Mortgage Loan Company, 135 Tex. 188, 141 S.W.2d 935, 938.

Viewing the testimony in this light, it can not be said that there is no evidence supporting the jury's answer to special issue No. 14, and the judgment must be reversed unless the rule suggested by appellees has a factual basis in the record.

■ The generally accepted statement of the rule is that "when a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony, and cannot successfully complain if he is nonsuited or the court directs a verdict against him." Annotation, 50 A.L.R. 980.

This rule, as well as the supporting authorities, are fully discussed in an able opinion by Mr. Justice Grissom of the Eastland Court of Civil Appeals, in Kimmell v. Tipton, 142 S.W.2d 421, 428.

■ A party is bound by his admissions made while testifying as a witness, seemingly, upon the theory that such statements are in effect judicial admissions, or at least so similar thereto that they are regarded as conclusive and binding upon the party in the same manner as an admission contained in a pleading or stipulation. See 17 Tex. Jur. 577, § 240.

■ Obviously, statements such as were made by Happ in his letter to the Benefit Association of Railway Employees, not being made in connection with any judicial or legal proceeding, are not comprehended by the rule. This letter was admissible in evidence for impeachment purposes, but clearly all self-contradicting statements can not be classified as judicial admissions or given a similar binding effect. McCormick and Ray, Texas Law of Evidence, p. 632, §§ 494, 495.

■ We are further of the opinion that the part of appellant's testimony pointed out by appellees is not of the definite and positive nature necessary to establish a binding admission against him. While there is some inconsistency of statement, there is also an insistence upon the existence of an agreement whereby he was to acquire an interest in the property involved. A conclusive admission, neither modified nor explained, is not disclosed.

The trial court erred in rendering judgment non obstante veredicto. The judgment is therefore reversed and the cause remanded.

### On Motion for Rehearing.

■ Appellant and appellees have filed motions for rehearing in this cause. These motions present a point of procedure which perhaps calls for further discussion. Our judgment of February 4, 1942, directs that this cause be remanded for new trial. Since this order was entered after September 1, 1941, Rule No. 324 of the Texas Rules of Procedure is applicable thereto in view of the fact that appellees' brief contains a point attacking the verdict of the jury as "being so clearly against the preponderance of the evidence as to show whim, caprice, passion and prejudice." We are of the opinion that appellees' criticism of the verdict is well taken, Wichita Valley Ry. Co. v. Williams, 116 Tex. 253, 288 S.W. 425, 430, but, as pointed out in our original opinion, this fact did not authorize the trial court to substitute its findings for those of the jury. Nor does this Court have authority to substitute a finding for that made by the jury. 3 Tex.Jur. 1088, § 764. The result is that the cause must be remanded for new trial.

Our holding that Rule 324 is applicable to this cause in no way conflicts with the holdings of the Supreme Court in McAfee v. Travis Gas Corp., 153 S.W.2d 442, 443, or LeMaster v. Fort Worth Transit Co., 160 S:W.2d 224. As pointed out in the latter case, Rule 324 provides for an important departure in the practice relating to appeals from judgments non obstante veredicto. Under the rule it is necessary that the appellee attack the verdict by points contained in his brief, or take the risk of having judgment rendered against him, should an appellate court decide that a judgment non obstante veredicto was improperly entered. The practice before the rule became effective, was to reverse the judgment with directions to the trial court to enter judgment upon the verdict, preserving to the losing party on appeal the right to file a motion for new trial and to proceed from that point as if no appeal had been taken.

Rule 324, obviously, places an additional burden upon the appellee, as he must raise all points which would vitiate a judgment based on the verdict in connection with the appeal from a judgment entered notwithstanding the verdict, as he will have no opportunity to set them up in a motion for new trial.

■ Although Rule 324 relates to appellate procedure and affects the nature of the judgment to be entered by an appellate court, the rule will not generally be applied to cases tried prior to September 1, 1941, because of the obvious prejudice to the appellee. LeMaster v. Fort Worth Transit Co., supra.

■ In this particular case, however, appellees' brief does contain a point, the sustaining of which would destroy a judgment based upon the verdict of the jury. In such a case, we believe it proper to apply the rule and remand for new trial, rather than to remand with instructions to the trial court to enter judgment and then hear a motion for new trial. Should the trial court overrule such motion, this Court upon appeal would have to reverse the case upon the same record and the identical point now before us.

■ Rule 324 is obviously designed to aid in the speedy dispatch of litigation by providing that matters attacking both the verdict and the judgment non obstante veredicto shall be disposed of in one appeal. Whenever the rule by its terms may be applied to accomplish its purpose without prejudice to either party it should be given effect.

Both motions for rehearing are overruled.