PHILLIPS PETROLEUM CO. v. HOOPER et al.

No. 11894.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1947.

Rehearing Denied Jan. 9, 1948.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This was an action by Marion H. Hooper and Associated Employers Lloyds against Phillips Petroleum Company to recover damages for personal injuries suffered by Hooper as a result of the alleged negligence of defendant's agent, servant or employee, in delivering gasoline to a truck and attached trailer-tank operated by the plaintiff Hooper.

Associated Employers Lloyds carried Workmen's Compensation insurance for the Public Construction Company of Texas, which employed Hooper at the time of his injury, and joined as a plaintiff in this action to assert its right of subrogation under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., for the amount it paid upon the claim against it by Hooper.

The plaintiff Hooper contends that defendant's agent, one M. C. Davis, was negligent in not extinguishing the flame of a stove on defendant's premises before delivering the gasoline, and that the lighted stove had precipitated the explosion which injured Hooper; that the defendant had thereby violated its duty of reasonable care which it owed Hooper as a business-invitee on defendant's premises.

The defendant answered (1) that plaintiff was guilty of contributory negligence, and that such negligence was the proximate cause of his injuries, and (2) that defendant owed plaintiff no duty for the reason that plaintiff had equal or greater knowledge than defendant of the hazards and risks involved in the operation which caused his injury.

The evidence shows that the plaintiff was injured by an explosion at defenant's station in Panhandle, Texas, which occurred when gas fumes from the trailer-tank were ignited by the flame of a nearby stove on the premises of defendant. Hooper drove the truck to the station of defendant for the purpose of having one hundred and fifty gallons of gasoline transferred into the attached asphalt distributing tank. The truck and trailer-tank were used in paving and construction work, in which Hooper was then employed. The tank was loaded with hot asphalt, and Hooper requested the defendant's agent Davis, to pour the gasoline on top of the asphalt in the tank, for the purpose of thinning the mixture. While delivering the gasoline, Davis left a gas stove burning in close proximity to where the gasoline was being transferred into the tank, and the gasoline ignited, as a result of which Hooper sustained burns and injuries. It was shown that Hooper had visited the defendant's station on six or seven occasions prior to the explosion in which he was injured, and had been served each time by the same agent, Davis. Hooper testified that on his first visit he had cautioned Davis to turn off the heater in question, and warned him not only then, but on subsequent visits, that "fire and gasoline would not mix," and that the refueling operation involved great risk in the presence of fire. The evidence further showed without dispute that on the day of the explosion the weather was warm, and that Hooper did not know, or have reason to suspect, that the stove was burning. On the other hand, Davis knew that gas fumes from the trailer-tank were likely to be ignited by the flame of the stove.

The contract between M. C. Davis and the Phillips Petroleum Company was introduced into evidence, and thereafter Hooper and his wife testified, as the only witnesses in the case. The defendant declined to offer any evidence.

■ We are of opinion that there was sufficient evidence to submit to the jury the question of defendant's control and ownership of the station at the time of the explosion. Cholet v. Phillips Petroleum Co., Mo. App., 71 S.W.2d 799; McAfee v. Travis

Gas Corporation, 137 Tex. 314, 153 S.W.2d 442.

We further find no merit in defendant's contention that Hooper was guilty of contributory negligence as a matter of law. It was the duty of the defendant to furnish Hooper a reasonably safe station in which to enter and transact business. Hooper was not required upon each visit to inspect the premises for hazards, or to anticipate that such premises were dangerous. McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442; American Stores Co. v. Murray, 3 Cir., 87 F.2d 894; Holmes v. Ginter Restaurant Co., 1 Cir., 54 F.2d 876.

The evidence further established a sufficient causal connection between the defendant's negligence and the explosion, in the absence of evidence showing other causes, to warrant the finding of the jury that it was the operative agency in producing such result. No one was present at the scene of the explosion except Davis and Hooper, no one was smoking, and no fire was about or near the premises save the stove. Southwestern Portland Cement Co. v. Moreno, Tex.Com.App., 215 S.W. 444.

The charge of the trial judge covered, fully and fairly, each and every assignment of error. We find no reversible error in the record and the judgment is therefore affirmed.