**TEXAS REAL ESTATE & INSURANCE COMPANY, et al., Appellants,**

v.

**Ernest TYLER, et ux., et al., Appellees.**

**No. 4990.**

Court of Civil Appeals of Texas, Waco.

March 4, 1971.

Cullen, Edwards, Williams & Stevenson, Victoria, for appellants.

Moise H. Simon, Bay City, Bill Howell, Houston, for appellees.

## OPINION

McDONALD, Justice.

This is a venue case involving Subdivision 9a Article 1995 Vernon's Ann.Tex.St.

Plaintiffs Tyler et al. filed this suit in Matagorda County against defendants Chilcoat, Skoruppa and Larson, alleging that plaintiffs were injured when the automobile in which they were riding was struck in Matagorda County by a trailer which came loose from a pickup operated by defendant Skoruppa; that Skoruppa was guilty of negligence proximately causing plaintiffs' injuries; that the trailer was owned by defendant Larson, but was loaned by defendant Chilcoat to conduct the business and affairs of defendant Chilcoat; that defendant Skoruppa was agent, servant, or employee of defendant Chilcoat and was acting within the course and scope of his employment at the time of the collision.

Defendants Skoruppa and Chilcoat (Individually and DBA Texas Real Estate and Insurance Company) filed pleas of privilege to be sued in Victoria County, the county of their residence.

Plaintiffs controverted, asserting venue in Matagorda County by virtue of Sections 9 and 29a Article 1995 VATS: that this suit is based on negligence occurring in Matagorda County; and that such negligence was that of Skoruppa who was at the time the agent of defendant Chilcoat acting within the course and scope of his employment.

Trial was before the court without a jury which, after hearing, overruled the pleas of privilege.

Defendant Chilcoat appeals contending the trial court erred in overruling his plea of privilege, "there being no applicable exception under Article 1995 upon which to maintain venue in Matagorda County".

Chilcoat asserts there is no evidence or insufficient evidence that Skoruppa was agent, servant or employee of Chilcoat on the occasion of the collision, but that he was an independent contractor.

Chilcoat lived in Victoria where he was in the real estate business. Chilcoat owned a tractor which he used to mow lots owned by him; he owned lots in Bay City in Matagorda County. Skoruppa lives in Victoria where he is a fireman. He is on duty 24 hours and off duty 24 hours; and each 2 weeks he has 3 days off. On his time off he does odd jobs for various people including Chilcoat. On prior occasions Skoruppa had used his pickup truck in doing Chilcoat's work, including hauling Chilcoat's boat on a trailer provided by Chilcoat.

On the occasion here involved Chilcoat made arrangements with Larson to borrow his trailer, told Skoruppa to get and hitch up Larson's trailer at Larson's nursery, and come to Chilcoat's Real Estate office and pick up Chilcoat's tractor and shredder, and take it to Bay City (where it was to be used for mowing lots owned by Chilcoat); and Skoruppa was supposed to take the trailer back to Larson after delivering the tractor to Bay City. Skoruppa picked up the trailer, secured it to the pickup with a six penny nail in the slot to hold the ball and pin to the bumper. There was no nut. The tractor was loaded and taken to Bay City and unloaded. On the return trip to Victoria while in Matagorda County the trailer came loose, veered out of control into the oncoming lane of traffic, collided with plaintiff's automobile injuring or killing plaintiffs and those in whose stead they stand. There is evidence that the tractor weighed 3000 pounds, that a nut could have been screwed on the pin to hold the trailer; and that no safety chain or other type safety device was used to secure the trailer to the pickup.

Section 9a, Article 1995 VATS provides a suit based on negligence may be brought in the county where the act of negligence occurred; if such act of negligence was that of the defendant or "his servant, agent or representative acting within the scope of his employment"; and such negligence was a proximate cause of plaintiffs' injuries.

The trial court was authorized to find Skoruppa guilty of negligence in Matagorda County proximately causing plaintiffs' injuries.

Whether the trial court was authorized to find that Skoruppa was the agent, servant, or representative of Chilcoat acting within the scope of his employment is the real question here involved.

In the absence of evidence showing a different relationship, the fact that the alleged servant was performing services peculiar to the principal's business or affairs, establishes prima facie that the relationship of master and servant exists between them. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

The true test of the relationship is the right of the alleged master to control the alleged servant. Newspapers, Inc. v. Love, Tex., 380 S.W.2d 582, 592.

There was no formal or written contract of employment here; Chilcoat simply told Skoruppa to go pick up Larson's trailer which Chilcoat had arranged to borrow, and bring it to Chilcoat's office, and load the tractor-shredder and transport it to Bay City.

There exists a presumption, as noted, that Skoruppa was the agent and servant of Chilcoat; determination of the right to control is a fact issue; and we think the trial court authorized from this record to find that Chilcoat had such right. Keith v. Blanscett, Tex.Civ.App., NWH, 450 S. W.2d 124, 125; Aleckson v. Kennedy Motor Sales Co., 238 Minn. 110, 55 N.W.2d 696; Commercial Credit Co. v. Groseclose, Tex.Civ.App., W.E. Dism., 66 S.W.2d 709; Garrison v. Ryno, S.Ct., Mo., 328 S.W.2d

557; King v. Galloway, Tex.Com.App., Adopted S.Ct., 284 S.W. 942.

Defendants' points and contentions are overruled.

Affirmed.

WILSON, Justice (dissenting).

I respectfully differ. I find no evidence of agency on the part of Skoruppa for defendant Chilcoat. Skoruppa was employed for a fixed sum to transport in his own truck equipment owned by Chilcoat in a borrowed trailer. The case is that simple.

The argument that one doing work for another is presumed to be his employee will not support an agency finding. That presumption, as the majority opinion states, exists only until evidence showing a different relationship, as here, is adduced. There is simply no evidence of the right of Chilcoat to control the details of Skoruppa's work. Skoruppa fixed his hours of work and the route traveled. He furnished his own tools, equipment and truck (with the exception of the trailer borrowed and furnished by Chilcoat). He was given no instructions as to the manner of doing his work. Since there is no evidence of agency, I would reverse and remand.