Walter KACHMAR, Appellant,

v.

STEWART TITLE COMPANY, Appellee.
No. 582.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 16, 1972.

Don R. Riddle, Ernest H. Cannon, John M. O'Quinn, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellant.

W. N. Arnold, Jr., William H. Payne, Sandra K. Foster, Fulbright, Crooker & Jaworski, Thomas D. White, Stewart, White & Pizzitola, Houston, for appellee.

———◆———

TUNKS, Chief Justice.

This is a personal injury suit wherein Walter Kachmar, as plaintiff in the trial court and appellant here, sued Leeland Jack Holst and his alleged employer, Stew-art Title Company, appellee. The trial court rendered summary judgment in behalf of Stewart Title Company. Appellant's alleged cause of action against Stewart Title Company was severed so as to lend finality to that judgment and this is an appeal therefrom.

Kachmar's petition alleged that on November 6, 1966 he was riding as a passenger in a car being driven by Holst when that car was involved in a collision from which Kachmar sustained personal injuries. He alleged that such collision and injuries were proximately caused by the negligence of Holst who was an employee of Stewart Title Company and acting within course and scope of such employment. Stewart Title Company's motion for summary judgment, which was granted, was based upon the contention that Holst was not its employee, but was the employee of Stewart Title Guaranty Company.

As summary judgment evidence in support of its motion Stewart Title Company presented the affidavit of Carlyle G. Schuman as "the duly elected, qualified and acting Secretary of Stewart Title Company." That affidavit recites that Stewart Title Company and Stewart Title Guaranty Company are two separate corporations, each organized under the laws of the State of Texas. Another affidavit of Mrs. Mary Fay Maddox, "the duly elected, qualified and acting assistant Secretary of Stewart Title Guaranty Company" confirms that fact. Thus, since there were two distinct entities here, one of which was sued in its correct name, the rule applied in the "misnomer" cases, wherein a party is permitted to amend to correctly name a party sued in the wrong name, is not applicable. See Allright, Inc. v. Galbreath, Tex.Civ.App., 469 S.W.2d 810, and authorities there cited. In fact, the appellant here is not asserting a right to recover from Stewart Title Guaranty Company. Limitation has run as to any suit against that party. This distinction is made to put this opinion in proper perspective and because many of the authorities cited by appellee as authori-

ty for affirmance involve the applicability, or inapplicability, of the "misnomer" rule.

The appellant's position is that the summary judgment evidence does not show that there was no genuine issue as to the material fact of Holst's employment by the appellee. In order to prevail in its motion for summary judgment, based upon such a contention, Stewart Title Company had the burden of producing summary judgment evidence that conclusively established the absence of such issue. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). Subject to such placement of the burden of proof, this court, in reviewing the evidence on such issue, will apply the same rule that would have been applicable to a motion for instructed verdict if one had been made by appellee after a regular trial in which the evidence in this record had been presented. Tarres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970). That means that we must accept as true any of the summary judgment evidence that tends to support appellant's allegation that Holst was an employee of Stewart Title Company. All conflicts and inconsistencies in the evidence must be resolved in favor of such allegation. The reasonable inferences to be drawn from the evidence must be those most favorable to the plaintiff. Constant v. Howe, 436 S.W.2d 115 (Tex.Sup.1968). It is in consideration of those rules that the summary judgment evidence relating to the issue of Holst's employment by Stewart Title Company is reviewed here.

The testimony of the plaintiff, Kachmar, given on oral deposition, was before the court. He said that he was manager of Leach Duplicating Company which did duplicating and printing work for Stewart Title Company. On the day of the accident in question he was called by Holst about some problems relating to such printing work and went over to the customer's place of business to discuss such work. The accident occurred when Holst was taking Kachmar back to his office. In his testimony he sometimes referred to the customer as Stewart Title Company and sometimes as Stewart Title Guaranty Company. The distinction, in his testimony, between the two names by which he referred to the customer was often attributable to the framing of the questions, propounded to him by appellee's counsel. He testified that arrangements made for the performance of the services to such customer were made between him and Holst. In an affidavit plaintiff stated that Holst ordered work to be done for Stewart Title Company and that Stewart Title Company, when billed for such work, paid for it. Affidavits of other Leach employees corroborated plaintiff's affidavit and identified ledger sheets showing an account in the name of Stewart Title Company and paid by Stewart Title Company.

The oral deposition of Holst, too, was taken. In response to questions asked by plaintiff's attorney he sometimes referred to his employer as "Stewart Title Guaranty." At other times he said that he worked for "Stewart Title Company," did printing work for "Stewart Title Company," and that "Stewart Title Company" sometimes ordered printing work from Leach. He testified as to having called Kachmar on the day of the accident to discuss some problems in connection with such printing work and that Kachmar came over to consult about it. In his deposition, responding to questions by appellant's attorney, Holst said:

"Q. What were doing down there at Stewart Title?

A. We were trying to register in a set of negatives that Mr. Kachmar had previously worked on for us. The job didn't particularly pan out the way it was supposed to, and that was the purpose of Mr. Kachmar being there.

Q. You all were actually discussing business that afternoon?

A. Yes. We were.

Q. Well, did you conclude your business endeavors there at Stewart Title Company that afternoon before you left?

A. No. We didn't completely conclude the job."

Later, in response to questions by appellee's attorney, Holst testified:

"Q. Jack, at the beginning of this deposition Mr. Riddle kept mentioning Stewart Title Company, and you mentioned Stewart Title Guaranty Company and Stewart Company and Stewart Printing. Who do you work for, Jack?

A. Stewart Title Guaranty Company.

Q. How long have you worked for them?

A. For about eight and a half years.

Q. Have you ever worked for Stewart Title Company?

A. Yes. I have.

Q. How?

A. How?

Q. I mean, under their payroll—

A. Yes.

Q. . . . for Stewart Title Company?

A. Yes.

Q. At the time of the accident, who were you working for?

A. Stewart Title Guaranty Company.

Q. Under whose payroll were you?

A. Stewart Title Guaranty Company's payroll."

In its motion for summary judgment Stewart Title Company listed the evidence on which its motion was based as the affidavits of Mr. Schuman and Mrs. Maddox, mentioned above, excerpts from the oral deposition of Holst, and its reply to an interrogatory propounded by the plaintiff.

The affidavits of Mr. Schuman, Secretary of Stewart Title Company, in addition to its statement that Stewart Title Guaranty Company was a separate and different entity, had the following language:

"Mr. Leeland Jack Holst was not an employee, servant or agent of Stewart Title Company on November 6, 1966 at or any time during the year 1966, nor was he on the payroll of Stewart Title Company on said November 6, 1966, or at any time during the year 1966."

The affidavit of Mrs. Maddox, the Assistant Secretary of Stewart Title Guaranty Company, recites that "during the entire year of 1966, (that) Leeland Jack Holst was an employee of Stewart Title Guaranty Company and received his pay and compensation from Stewart Title Guaranty Company," that Stewart Title Guaranty Company withheld social security and income taxes from his pay, and that "Mr. Leeland Jack Holst was not an employee of Stewart Title Company on November 6, 1966 or during the year 1966."

We are of the opinion that this summary judgment evidence did not discharge the appellee's burden of showing, as a matter of law, that Holst was not its employee.

An employee has been defined as:

"every person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed."

Riverbend Country Club v. Patterson, 399 S.W.2d 382, 383 (Tex.Civ.App.—Eastland, 1965, writ ref'd n. r. e.). See also Northwestern National Life Insurance Company v. Black, 383 S.W.2d 806 (Tex.Civ.App.—Texarkana, writ ref'd n. r. e.) and Harris v. Cochran, 288 S.W.2d 814 (Tex.Civ.App.—Texarkana, 1956, writ ref'd n. r. e.).

■ The fact that Stewart Title Guaranty Company paid Holst's salary did not necessarily prove that he was not an employee of Stewart Title Company. Riverbend Country Club v. Patterson, supra.

■ Kachmar, by affidavit and deposition, said that he went to the office of Stewart Title Company where he and Holst worked on some printing material which had been ordered by Stewart Title Company. That testimony constituted some evidence that Holst was an employee of Stewart Title Company. McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442 (1941).

In Kachmar's affidavit he said that Holst represented himself as working for Stewart Title Company, in calling about printing work would say he was calling on behalf of Stewart Title Company, and would order printing done for Stewart Title Company. As to such declarations by an alleged agent as to the fact of his agency the Texas Supreme Court said, in Cook v. Hamer, 158 Tex. 164, 309 S.W. 2d 54, 58, "It is a well-established rule that ordinarily such declarations are inadmissible, but they may be admitted in corroboration of other evidence of agency." See also McAfee v. Travis Gas Corporation, supra. Also those declarations by Holst may be considered as impeachment of his contrary testimony by deposition.

■ The plaintiff propounded interrogatories to the defendants, as provided for by Rule 168 of the Texas Rules of Civil Procedure. One of those interrogatories asked the defendants to give the name and address of Holst's employer on the date in question. The answer given to that question was, "Stewart Title Guaranty Company, 1302 Rusk Avenue, Houston Texas." The appellee could not, however, use that answer as evidence in discharge of its burden of proof. Rule 168 specifically provides that such answers to interrogatories may be used only *against* the party answering them.

The trial court erred in concluding that the evidence showed as a matter of law that Holst was not an employee of Stewart Title Company.

Reversed and remanded.