**UNITED SERVICES AUTOMOBILE
ASSOCIATION, Appellant,**

v.

**Thomas W. RATTERREE, Appellee.**

No. 15292.

Court of Civil Appeals of Texas,
San Antonio.

June 19, 1974.

Rehearing Denied July 24, 1974.

Huson, Clark, Thornton & Summers, San Antonio, for appellant.

Putman & Putman, Michael Putman, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an uninsured motorist case filed by Thomas W. Ratterree against Robert Farrar, Doyle Q. Martin and United Services Automobile Association (USAA). Martin was dismissed from such case, and during the trial, Ratterree took a non-suit as to Farrar. The suit arose out of a collision occurring in Bexar County, Texas, between a vehicle being driven by Ratterree, which was owned by Joel Kutnick, and a vehicle being driven by Robert Farrar and owned either by Martin or Violet Farrar, the wife of Robert Farrar. Trial was to a jury, who found Farrar guilty of numerous acts of negligence each of which was found to be a proximate cause of the occurrence in question and also absolved Ratterree of any negligence. The jury also found that Farrar was an uninsured motorist. Damages were awarded to Ratterree in the sum of $16,500.00, and this is an appeal by USAA from such judgment. Both Kutnick and Ratterree were policy holders of USAA with uninsured motorist coverage.

Appellant asserts eleven points of error. By his first point of error, it asserts that the trial court erred in admitting, without qualification, certain written interrogatories propounded by appellee to defendant Farrar and Farrar's answers thereto because (1) the document containing the answers was void, (2) appellant was not given the benefit of Rule 168, Texas Rules of Civil Procedure, as to notice and other requisites, (3) they were not admissible against appellant, (4) they were hearsay to appellant, (5) they were not the best evidence of the facts sought to be proven, (6) as a matter of law, the question of their admissibility should have been determined outside the presence of the jury, or in any event before the interrogatories and answers were read to the jury, (7) they were a fraud upon the court, (8) their admission was prejudicial to appellant and was calculated to and did result in the rendition of an improper judgment.[1] We sustain such point of error.

The interrogatories were addressed to Robert Farrar. They contain a certificate made by the attorney for appellee that such interrogatories were delivered to Farrar on the 25th day of July, 1973, by hand-delivery of a copy of such interrogatories to the attorney of record for Farrar. There is no certificate of delivery of a copy to appellant. The answer to such interrogatories contains a signature of the attorney for Farrar, but contains no oath or subscription of Farrar's attorney.[2] The interrogatories are also purportedly signed by "Bob K. Farrar" and contain a notarial certificate of his attorney "SWORN TO AND SUBSCRIBED before me this 27th day of July, 1973." Under Farrar's attorney's signature it is recited that he is a notary public for Bexar County, Texas. Farrar's attorney testfied that Farrar did not sign such interrogatories in his presence nor did he personally appear before him, but that

---

1. In such interrogatories Farrar, among other things, purportedly answered that at the time of the collision in question, he was not covered or protected under any policy of automobile liability insurance.

2. These interrogatories were taken subsequent to February 1, 1973. Prior to this date, Rule 168, T.R.C.P., provided that the answer shall be signed by the party making them or by the attorney for the party. The amendment effective February 1, 1973, expressly eliminates the provision that they may be signed by the attorney for the party.

he took such oath and subscription of Farrar over the telephone; and that at such time, Farrar was in Kentucky. Although the oath is dated July 27, 1973, Farrar's attorney further testified that he took such notarial oath and subscription by telephone on the first day of the trial, which was July 30, 1973. Farrar's attorney further testified that he had mailed such interrogatories to Farrar at his home in Tyler, Texas. It is to be remembered that the certificate to such interrogatories certified that they were hand-delivered to Farrar's attorney on July 25, 1973. The certificate of service of Farrar's attorney on the answer stated that he mailed a true copy of such answers to the attorney for plaintiff Ratterree on July 27, 1973, although by his own testimony, he did not take the oath of Farrar thereon until July 30, 1973. There is no certificate of service upon USAA or its attorney, and the attorney for Farrar testified that he did not serve a copy of the answers to appellant.

Rule 168, T.R.C.P., under which the interrogatories were propounded requires the interrogatories to be answered under oath. Such Rule further provides, among other things, that true copies of the interrogatories and of any answer shall be served on all other parties or their attorneys at the time the interrogatories or answers are served, and that a true copy of each shall be promptly filed in the clerk's office with proof of service thereof. The Rule further provides that within ten days after the service of interrogatories, a party may serve written objections thereto with a notice of hearing the objections at the earliest practical time, and that answers to interrogatories to which objection is made shall be deferred until the objections are determined.

Appellant was not served with a copy of either the interrogatories or answers thereto as provided for in Rule 168, T.R.C.P.[3] Appellant thus had no opportunity to cross-examine Farrar, serve any written objection to such interrogatories, or serve any cross-interrogatories.

A majority of American jurisdictions hold that telephone acknowledgments are invalid. 1 Am.Jur., Acknowledgments, Section 69; Notes, 12 A.L.R. 538; 29 A.L.R. 919, 1018; 58 A.L.R. 604; 25 A.L.R. 2d 1124, 1166; 1 C.J.S. Acknowledgments § 68; Charlton v. Richard Gill Co., 285 S.W.2d 801 (Tex.Civ.App.—San Antonio 1955, no writ).

There are a number of Texas cases involving acknowledgments holding that a certificate of a notary is defective where the party did not appear before a notary public. In Charlton v. Richard Gill Co., supra, the court held an acknowledgment of a wife to a deed of trust covering a homestead void, where the acknowledgment was taken over the telephone. Although this case did not involve a subscription to an oath, the court stated in such case: "A notary can no more perform by telephone those notarial acts which require a personal appearance than a dentist can pull a tooth by telephone. If a telephone conversation is a personal appearance, we may suppose that a letter or telegram to a notary would also be as good or maybe even better." See also Humble Oil and Refining Co. v. Downey, 143 Tex. 171, 183 S.W.2d 426 (1944); Breitling v. Chester, 88 Tex. 586, 32 S.W. 527, 528 (1895); Christy v. Romero, 140 S.W. 516 (Tex.Civ.App.—El Paso 1911, writ ref'd).

We have found other Texas cases and authorities that are persuasive in this matter. In Wise v. Cain, 212 S.W.2d 880 (Tex.1948), the court said: "It is of course true that to constitute a notarial certificate to an affidavit valid, the affiant must appear personally before the notary; absent which the certificate is false, . . . ."

■ In Texas, notaries are appointed to serve in a specific county. Article 5949,

---

3. True copies of interrogatories and of any answer shall be served on all other parties or their attorneys at the time that any interrogatories or answers are served.

Vernon's Tex.Rev.Civ.Stat.Ann. (1962). A notary public's authority to perform his duties is limited to the boundaries of the county to which he is appointed, and he cannot perform his notarial duties in any other county. Loden v. Carothers, 85 S.W.2d 291 (Tex.Civ.App.—Texarkana 1935, no writ); Daugherty v. McCalmont, 41 S.W. 2d 139 (Tex.Civ.App.—Ft. Worth 1931, no writ). It is to be remembered that Farrar was not in Bexar County at the time he purportedly signed the interrogatories and that he was also out of the state at the time his oath was taken by telephone by a Bexar County notary.

■ One of the tests as to whether a purported oath is a valid oath is whether the affiant thereto could be held guilty of perjury in the event that his statements are untrue. It is doubtful that the affiant here could be held guilty of perjury or false swearing even if the statements are untrue. See Article 302 et seq., Vernon's Ann.Penal Code (1952). To constitute a valid "oath" for falsity of which perjury lies, an affiant must consciously take on himself obligation of an oath by unequivocal act in the presence of persons authorized to administer oath. Weadock v. State, 118 Tex.Cr.R. 537, 36 S.W.2d 757 (1930).

■ There is another compelling reason why such interrogatories should not have been admitted as to appellant. Rule 168, T.R.C.P., specifically provides that answers given to interrogatories may be used only against the party answering the interrogatories. See Kachmar v. Stewart

Title Company, 477 S.W.2d 306 (Tex.Civ. App.—Houston [14th] 1972, no writ);[4] Stanfield v. Kroll, 484 S.W.2d 603 (Tex. Civ.App.—Houston [1st] 1972, writ ref'd n. r. e.);[5] General Plywood Corp. v. Collins, 414 S.W.2d 224, 227 (Tex.Civ.App.— Amarillo 1967, no writ);[6] Black v. Frank Paxton Lumber Co., 405 S.W.2d 412, 414 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.).

■ The answers were also hearsay as to appellant. In Members Mutual Insurance Company v. Randolph, 477 S.W.2d 315 (Tex.Civ.App.—Houston [1st] 1972, writ ref'd n. r. e.), the court said: "The only evidence in the record that Stanley Paul Kline is uninsured consists of certain requests for admission directed to Kline, which were not answered. By order of the court these requests were deemed admitted. This evidence is hearsay as to Members Mutual. Davis v. Coastal States Petrochemical Company, 405 S.W.2d 854 [Tex.Civ.App.—Houston (1st) 1966]. Hearsay evidence, although admitted without objection, has no probative force and, alone, cannot support a judgment. Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959). The deemed admitted answers to the requests for admission, being hearsay as to appellant, cannot form the basis for a finding that the claimed uninsured motorist is in fact uninsured."

For the reasons hereinbefore set forth, we have concluded that the court erred in admitting such written interrogatories and answers thereto as against appellant.

4. "The plaintiff propounded interrogatories to the defendants, as provided for by Rule 168 of the Texas Rules of Civil Procedure. One of those interrogatories asked the defendants to give the name and address of Holst's employer on the date in question. The answer given to that question was, 'Stewart Title Guaranty Company, 1302 Rusk Avenue, Houston Texas.' The appellee could not, however, use that answer as evidence in discharge of its burden of proof. Rule 168 specifically provides that such answers to interrogatories may be used only *against* the party answering them."

5. Answers to interrogatories served on plaintiff in negligence action by cross-plaintiffs, if introduced into evidence, could have been used only against plaintiff and were subject to proper objections as to admissibility.

6. "Appellant's answers to the interrogatories under Rule 168, Texas Rules of Civil Procedure are not binding on appellees. The rule itself provides these answers may be used only against the party answering the interrogatories."

**34**

Appellee urges that even if it was error to permit the introduction of the written interrogatories and answers into evidence that there was still sufficient evidence to support the jury's finding that Farrar was an uninsured motorist, relying on a stipulation entered into between appellee and the attorney for Farrar,[7] and on certain testimony of such attorney for Farrar; that the error, if any, is harmless error. We disagree.

Appellant correctly asserts that appellant was not a party to such stipulation, and that such stipulation is not binding on appellant. Anderson v. Citizens' National Bank, 5 S.W. 503 (Tex.1887); Gilley v. Morse, 375 S.W.2d 569 (Tex.Civ.App.— Dallas 1964, no writ); Willis v. First National Bank of Burkburnett, 262 S.W. 851 (Tex.Civ.App.—Amarillo 1924, no writ); 83 C.J.S. Stipulations § 14.

Farrar's attorney testified during the trial that Farrar had no insurance coverage. Appellant contends that such testimony is hearsay as to appellant and has no force and effect; that Farrar's attorney was an interested witness, and that such testimony is suspect since a non-suit was taken as to Farrar by appellee.

Although we find no cases directly in point, it is our opinion that such testimony was hearsay as to appellant. We regard this as analogous to the rule pertaining to admissions. An admission by Farrar or his attorney that he was an uninsured motorist would be hearsay as to appellant and would not constitute legally admissible evidence of proof of any fact against appellant. See Members Mutual Insurance Co. v. Randolph, supra; Davis v. Coastal States Petrochemical Co., supra.

In any event, we regard the erroneous admission of such written interrogatories and answers thereto as harmful error. In order to recover against appellant, it was incumbent upon appellee to prove that Farrar was an uninsured motorist. Members Mutual Insurance Co. v. Tapp, 469 S.W.2d 792 (Tex.1971); Stanfield v. Kroll, supra. We cannot conceive of anything more prejudicial and harmful on the issue whether Farrar was an uninsured motorist than the erroneous admission and presentation to a jury of written interrogatories, purportedly signed by Farrar and purportedly sworn to and subscribed by him, stating that he was an uninsured motorist. The error complained of amounted to such a denial of the rights of appellant as was calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P.

This error requires a reversal of the judgment, but we will exercise our discretion and remand the cause in the interests of justice. Where the ends of justice will be better subserved by remand to the trial court for new trial than by rendition, the court should remand the case. Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.1966); Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954); Hoggett v. Wright, 374 S.W.2d 690 (Tex.Civ.App.— San Antonio 1963, writ ref'd n. r. e.); Minneapolis-Moline Co. v. Purser, 361 S. W.2d 239 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); Associated Oil Co. v. Hart, 277 S.W. 1043 (Tex.Comm'n App.1925, holding approved). Rule 434, 505, T.R.C.P. Accordingly, the judgment of the trial court is reversed and remanded for a new trial.

7. In essence, the stipulation is to the effect that there is no insurance policy of any kind covering either Farrar or the automobile he was operating.