## LONG et al. v. METCALF.

No. 13976.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 27, 1939.

Rehearing denied Dec 8, 1939.

Gee and William M. Brown, all of Fort Worth, for appellants.

Milburn E. Nutt, of Wichita Falls, for appellee W. A. Metcalf.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for intervener.

BROWN, Justice.

This is an action for personal injuries, brought by appellee Metcalf, in which he alleged, in substance, the following facts: That he was in the employ of one K. C. Gray; that Gray made an oral contract with L. A. Long and the partnership firm, composed of L. A. Long and R. J. Wolfe, known as Long & Wolfe, whereby Gray was to "skid", or remove, an oil well derrick from a certain location, on a lease in Jack County, Texas, to another location on such lease; that by such contract the said defendants (Long and Wolfe) agreed to furnish the machinery and crew for pulling the derrick and a truck having machinery thereon, together with its driver, for the purpose of "snubbing", or holding back, the derrick as it was being moved; that the truck and equipment and driver were so furnished, and that the driver of the truck placed same near the derrick, with its rear end pointing toward the derrick, and that the place whereon the truck was stationed was an incline, sloping toward the derrick; that the driver of the truck negligently failed to apply the emergency brakes on the truck, and negligently failed to "scotch" the truck, so as to prevent it from rolling; that the driver negligently left the truck thus standing, with the motor running; that the brakes on the truck were in a defective condition; that while the truck driver was out of the truck, and when Metcalf was between the truck and the derrick, inspecting the winch line which was attached to the derrick and the winch on the truck, the truck rolled back, down the incline, and caught him between the rear of the truck and the derrick and mashed his head and inflicted upon him serious injuries, from which he will never recover.

Recovery of damages was asked against L. A. Long, individually, and against L. A. Long and R. J. Wolfe, as partners, jointly and severally.

The defendant, L. A. Long, answered individually, by a general denial; that plaintiff's injuries were proximately caused by his own acts of negligence in, (a) not seeing that the winch line was attached

Bromberg, Leftwich, Carrington & Gowan, of Dallas, Marshall & King, of Graham, and Samuels, Foster, Brown & Mc-

securely to the rig; (b) failing to instruct the truck driver to fasten or scotch the truck to some stationary object; (c) failing to keep a proper lookout for his own safety; (d) failing to inspect the truck and to test the condition of the brakes before undertaking to use the truck to hold back the rig; (e) going to the place where the accident occurred without first ascertaining that the truck would remain stationary; (f) pulling on the winch line, thus causing the truck to begin rolling; (g) not ascertaining whether the truck was occupied by a driver at the time he placed himself in the position in which he found himself when the accident occurred.

Answering further, Long alleged that the driver of the truck was not working, at the time of the injury, within the scope of any employment for him, Long; that Metcalf, plaintiff, requested the driver of the truck to come with the truck and assist in holding back the rig; that in so doing the driver was not performing any service for Long or any defendant, but was a volunteer; that any scope of employment for any of the defendants had terminated and was suspended when the truck driver was engaged as he was at the time of the accident and the driver was under the control and direction of the plaintiff as to all of the details of such work.

R. J. Wolfe's answer is substantially like that of defendant Long's.

The partnership firm, Long & Wolfe, answered by adopting the original answers of both L. A. Long and R. J. Wolfe. The answer on which Long went to trial was his "second amended".

Metcalf collected certain Workmen's Compensation insurance from Traders & General Insurance Company, and such company intervened, praying for a recovery against the defendants to the extent of such payment.

The cause was tried to a jury and the following findings made: (1) That the driver of the truck failed to apply the emergency brakes "full on" when he left the truck, immediately before the accident; (2) that such act of omission was negligence, and (3) was a proximate cause of plaintiff's injuries; (4) that defendants failed to equip the truck with adequate emergency brakes, (5) same was negligence, and (6) a proximate cause of plaintiff's injuries; (7) the driver of the truck was negligent in leaving the truck unscotched and with the engine running at such time, and (8) such negligence was a proximate cause of plaintiff's injuries; (9) plaintiff suffered damages in the sum of $17,500; (10) that under the agreement between K. C. Gray and Long & Wolfe, the latter were required to furnish power for "snubbing" the derrick while it was being skidded; (11) the truck in question and its driver were furnished by Long & Wolfe in compliance with such agreement; (12) that the truck driver on the occasion of the injuries being suffered by plaintiff was not under the exclusive control of Metcalf. The 13th issue and answer are: "Do you find from a preponderance of the evidence that Damon Davison (the truck driver) in undertaking to use the truck to hold the rig back was for the time being acting without any instructions to that effect from either L. A. Long or the firm of Long & Wolfe, or by anyone authorized by either of them? Answer: No." (Let us here state that no objection was made to this issue by any litigant). (14) That the truck driver was not a volunteer at such time; (15) that the jury does not find from a preponderance of the evidence that Metcalf failed to instruct the truck driver to fasten his truck to some stationary object; (18) that Metcalf did not fail to keep a proper lookout; (20) that Metcalf was not negligent in failing to inspect the truck and test the brakes at the time in question; (22) that Metcalf put himself in the place where the accident occurred without first ascertaining that the truck would remain stationary; (23) that in so doing he was not negligent; (25) that Metcalf did not pull on the winch line and cause the truck to start rolling; (29) that Metcalf put himself in a position where the accident occurred without first ascertaining that the truck was occupied by a driver; (30) that this act was not negligence.

The defendants prepared and filed objections to the first eleven issues so given and to certain definitions found in the charge, but made no other objections to the charge.

On this verdict, the trial court rendered judgment for the plaintiff, Metcalf, and out of such recovery gave judgment for said intervener, for the amount paid by it under the Workmen's Compensation claim made by Metcalf. Such judgment recites: "That the plaintiff do have and recover of and from the defendants L. A. Long, individually, and the said defendants L. A. Long and R. J. Wolfe, co-partners as

aforesaid, doing business as Long & Wolfe, both jointly and severally, and in all respects, etc.", and providing for proper payment to the intervener out of the first monies recovered.

The said defendants have appealed, and present twenty-four assignments of error, discussed under fifteen propositions.

The first proposition contends that no evidence was adduced to show that the emergency brake was applied by the truck driver and therefore it was error to submit issue No. 6, asking the jury to find whether or not defendants' failure to equip the truck with adequate brakes was a proximate cause of the injury; and the second proposition contends that, because of there being no such evidence, the finding of the jury that the failure to equip the truck with adequate brakes was a proximate cause of plaintiff's injury is absolutely without foundation and support in the evidence.

We have read the voluminous statement of facts, and in our opinion the evidence amply supports the verdict.

The testimony of the truck driver, that of the auto mechanic, who examined the truck, and the physical facts, constituted enough evidence to raise the issue.

The third proposition contends that the uncontradicted testimony, concerning the said brakes, being that the brakes, even though slack, were adequate to hold the truck, if pulled all the way on, there was no basis in the testimony for the submission of an issue inquiring whether or not defendants failed to equip the truck with adequate emergency brakes; and the fourth proposition contends that the evidence being as stated, the answers made by the jury to issues 4 and 5 are contrary to the evidence and are without support in the evidence.

What we have said in discussing propositions Nos. 1 and 2 applies here.

The fifth proposition contends that, since the plaintiff by his own testimony established the fact that he was the foreman or "crew pusher" in charge of the operation of skidding the derrick, and that the truck driver, during the course of the moving, was under plaintiff's direction and control as to all the details of the work, it follows as a matter of law that the defendants, L. A. Long and Long & Wolfe, cannot be held to be responsible for any negligent act on the part of the truck driver, on the occasion in question.

We do not find that the testimony established the fact as asserted, but, on the other hand, we find that the evidence supports the whole of the jury's verdict.

The fact is, we believe that the agency of the truck driver, in his relation to Long & Wolfe, is conclusively established.

We do not view this case as disclosing a situation where Long & Wolfe loaned a truck and its winch equipment and driver to Gray. The contract, as established by the uncontradicted testimony, and found by the jury, was, that Gray would move the derrick for a specified sum if Long & Wolfe would clear a right-of-way and furnish the pulling power and the "snubbing" (or holding back) power. Thus, the evidence discloses that a part of the work was being done by Long & Wolfe, and a part by Gray.

We will treat the 6th, 7th, 8th and 9th propositions together.

The sixth takes up special issue No. 13 and its answer: "Do you find from a preponderance of the evidence that Damon Davison in undertaking to use the truck to hold the rig back was for the time being acting without any instructions to that effect from either L. A. Long or the firm of Long & Wolfe, or by anyone authorized by either of them? Answer: No." And appellant contends that such answer is not an affirmative finding that Damon Davison, at such time, acted with instructions to that effect, but merely a finding that the jury did not find from a preponderance of the evidence that Davison acted without such instructions, and since the burden of proof was on the plaintiff to prove by a preponderance of the evidence that Davison did act under the control and direction of the defendants at such time, a judgment based on the said answer is fatally and fundamentally erroneous.

This proposition might have merit in it, were it not for the fact that, under issues submitted, the jury found the contract, as outlined by us above, in answer to issue No. 10, and in answer to issue No. 11 found that the truck and its driver were furnished by Long & Wolfe, in compliance with their contract, and further that, at such time, Davison was not acting under the exclusive control of the plaintiff (issue

No. 12), and found under issue No. 14 that Davison, in doing the work, was not a volunteer.

Issue No. 13 was a defensive issue, given because the defendants pleaded that, at the time of the acts in question, Davison was not acting under their orders and instructions or as their employee.

In the first place, we believe that the evidence of defendants' employees conclusively established the agency of the truck driver, but, be that as it may, the jury found such agency in answer to the issues noted, and found against the defendants on the several defensive issues, as noted.

■ The seventh proposition contends that the finding made to said issue 13 does not establish the joint and several liability of Long and Wolfe.

The answer is that such answer, together with the other answers noted, do establish such liability.

The eighth proposition contends that the answer to said issue 13 is not a finding that Davison at such time was under the control and direction of Long and Long & Wolfe, and that there being no finding that Davison was at such time acting under the control and direction of these defendants, a judgment against them is not supported by the verdict.

Our observations with reference to the next preceding propositions cover the eighth.

The ninth proposition contends that the burden was on plaintiff to plead and prove and to secure an affirmative finding that Davison, at the time and place in question, was acting under the control and direction of the defendants, and that plaintiff having failed to request an issue covering such facts, he has waived the essential element of his cause of action and the judgment based on the verdict is fatally and fundamentally erroneous.

■ We believe the verdict supports the judgment, and we further believe that the undisputed evidence from the lips of defendants' employees and from defendants, established the agency of Davison, at the time and on the occasion in question.

In the case of Buick Automobile Co. v. Weaver, Tex.Civ.App., 163 S.W. 594, 596, writ refused, the following language is used: "It is well settled that the master is liable for the tortious acts of his serv- ant done while in the master's service, or in the discharge of his employment, or when the acts claimed to be tortious are done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed." This opinion cites International & G. N. Railway Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 27 Am.St.Rep. 902, and Cooper v. Knight, Tex.Civ.App., 147 S.W. 349.

The truck driver, Davison, was the agent, servant and employee of Long & Wolfe, and of the members of such partnership firm, and his acts were had and done in the furtherance of his master's business and for the accomplishment of the object for which he was employed. The undisputed facts so show and the judgment rendered against each and all of the partners for the tortious acts established was proper.

Issue No. 13, as well as issues Nos. 12, and 14, presented defenses urged by the defendants.

■ They made no objection to the form or substance of either of the issues. They must be held to have been satisfactory to defendants.

The finding that defendants contracted to furnish the power for "snubbing" the derrick, while it was being skidded, and that in accordance with such contract they furnished the truck in question and its driver, Davison, must of necessity establish the agency of Davison for the defendants.

The tenth proposition contends that defendants having pleaded that plaintiff was guilty of contributory negligence in failing to see that the winch line was attached securely to the rig, so that it would not come loose, and that such negligence contributed to plaintiff's injuries, it was error for the court to refuse to give defendants' issues predicated on such defense.

■ We find no error here. Even if this duty rested upon the plaintiff, the failure to see that the winch line was securely fastened could not have contributed to the accident and injuries. The winch line had nothing to do with the accident. Furthermore, the evidence discloses that, just immediately prior to the accident, plaintiff was squatting or sitting where he was looking at the winch line then attached or being attached, and the truck rolled down upon him.

The eleventh proposition contends that the trial court erred in defining the term "new and independent cause" because it refers to the "negligent act or omission of the defendants" and thus constitutes a comment by the court on the weight of the evidence and indicates that the court is of the opinion that there is negligence on the part of the defendants, and such definition should wholly omit any reference to any negligence of either party— that the parties should not be thus singled out, but the definition should be made to apply to both parties alike.

It is further contended that the charge is harmful because there was no issue of new and independent cause present in the case, and the definition amounts to a general charge.

The only objection made to the charge and brought forward by appellants is given, in substance, by us in the first paragraph in which we are discussing proposition No. 11.

Appellants may not be heard to present any objections to the charge that were not timely presented in the trial court. Therefore the contention that the issue of new and independent cause is not in the case and the instruction constitutes a harmful general charge is without merit. It will be noted that no objection is made to the charge on "proximate cause" and it contains the element, or term, "new and independent cause", and the definition of "new and independent cause" is the approved definition. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Young v. Massey et al., 128 Tex. 638, 101 S.W. 2d 809.

If defendants had objected to the trial court including the term "new and independent cause" in the definition of "proximate cause", prudence would have required that the trial court omit such expression from the charge; if there were no evidence tending to raise the issue.

The trial court in the instant case gave a charge on unavoidable accident, which must have met with the approval of the defendants, as no complaint was made of its being given, and, evidently, out of an abundance of precaution the trial court included the term "new and independent cause" in the charge, and if it were error, the charge being correct in its verbiage, such error is harmless.

The twelfth proposition contends that the court having submitted issues Nos. 10 and 11, presenting plaintiff's theory of the case to the effect that the agreement with Long & Wolfe required them to furnish the power to snub the rig, and that the truck and driver had been furnished pursuant to such agreement, and the evidence being conflicting on such matters, the trial court erred in refusing to submit the requested issue asking the jury to find whether or not the defendants merely loaned the truck and driver on the occasion.

We find no pleading raising any such issue, neither do we find any evidence tending to support such an issue, and appellants' brief does not point out such character of evidence.

The thirteenth proposition contends that the trial court erred in permitting the plaintiff to testify to two conversations he had with one Ben Paltron, wherein plaintiff told Paltron that plaintiff would be needing a truck to "snub" the rig back and Paltron told him he would send one and to let him (Paltron) know when he needed it, because this was hearsay, not a part of the res gestae and pertained to a matter of which it was not shown Paltron had authority to speak or control, as a representative of the defendants.

The conversations had to do with the very work and job on which plaintiff was injured, and it was shown that Paltron was defendants' day driller—the employee highest in authority on the lease where the accident occurred—and the matters were within the scope of authority of Paltron and connected with the work of moving the derrick.

The fourteenth proposition is in like terms as the thirteenth, and complains of the testimony of one Ben Wilmot, who said he heard the conversations of which complaint is made.

We find no merit in the contentions.

The fifteenth and last proposition contends that the verdict is excessive.

The jury must have believed the testimony given by the plaintiff and physicians who examined and treated him. This testimony covers great physical pain, mental suffering, partial paralysis of one eye and of salivary glands, almost total loss of smell and of taste, severe injury

to an eye, inability to labor, etc., all suffered by a man who had just reached "middle age" and earning $12.00 per day in his particular employment.

We cannot say the jury awarded the plaintiff more than the evidence warranted.

All assignments of error are overruled, and the judgment is affirmed.