**PROCESS ENGINEERING COMPANY OF FORT WORTH, Appellant,**

v.

**Donald E. ROSSON, Appellee.**

No. 12952.

Court of Civil Appeals of Texas.

Galveston.

Feb. 23, 1956.

Butler, Binion, Rice & Cook, Frank J. Knapp and John L. McConn, Jr., Houston, for appellant.

R. Brown, Algoa, and Vinson, Elkins, Weems & Searls and Sam W. Davis, Jr., Houston, for appellee.

HAMBLEN, Chief Justice.

This appeal. is from an order overruling a plea of privilege. Appellee instituted the suit in the District Court of Brazoria County to recover damages for personal injuries which he alleges were received at an oil well location in that county when a piece of pipe which had been rolled toward him on skids by appellant's employee struck him on his left foot and leg. He recited in his petition that he also brought the suit for and on behalf of Employers Mutual Liability Insurance Company of Wisconsin for compensation paid to him under the terms of a policy of workmen's compensation insurance written on behalf of Foster Lease

Service, which company appellee alleges was his employer at the time of the injury.

Appellant filed its plea of privilege to be sued in Tarrant County which was stipulated to be the county of its residence. Appellee in his controverting affidavit invoked Section 9 and Section 9a of art. 1995, Vernon's Ann.Civ.Tex.St., to maintain venue in Brazoria County. The litigants stipulated that at all material times appellant, Process Engineering Company, was a subscriber within the meaning of the Workmen's Compensation Law of Texas and had a valid policy of workmen's compensation insurance in effect.

At the hearing on the plea of privilege, appellee testified without contradiction that he was employed a few days before the accident by Foster Lease Service; that said company was a labor pool and that it leased its employees out to various companies in the area to do the latters' work; that appellee understood from what he was told by the officers in Foster Lease Service when he was instructed by them to go out to the rig where the accident occurred, that he would be subject to the orders of the person or persons he found at the rig location. He did not hold himself out as having a particular trade and admitted that he was sent to the rig location to perform ordinary labor for whomsoever was there. When he arrived at the rig, Mr. H. E. Williford, of Process Engineering Company of Fort Worth, was the only person there. The record is conclusive to the effect that from the time appellee arrived on the job on January 30, 1955, until the accident happened on January 31, he was (while on the job) under the exclusive direction and control of H. E. Williford who was in turn acting on behalf of appellant.

Appellant's one point of error presents the contention that under the state of the record, appellee failed to make a prima facie case of actionable negligence which it contends is necessary to maintain venue in Brazoria County under the named exceptions to exclusive venue. In addition to his counter-point in opposition to appellant's proposition, appellee presents five cross-points wherein he contends (1) that the trial court erred in admitting testimony relative to the "borrowed servant" status of appellee in relation to appellant (2) that the evidence in any event raises only a fact issue which must be presumed to have been found adversely to appellant, (3) that the trial court's ruling was correct because there are no pleadings upon which appellant can base its defense of "borrowed servant", (4) that the question of "borrowed servant" and workmen's compensation are immaterial on a hearing of the plea of privilege, and finally, that the evidence failed to raise the question of "borrowed servant." We have concluded that appellant's point of error is well taken and must be sustained. We further conclude that appellee's cross-points are without merit and must be overruled.

We hold that the testimony of the appellee, which we have set forth, establishes conclusively and as a matter of law that he occupied the status of a "borrowed servant" of appellant at the time of the injuries upon which he bases his suit. Hilgenberg v. Elam, 145 Tex. 437, 198 S.W. 2d 94.

The Workmen's Compensation Law of Texas, Title 130, art. 8306 et seq., V.A.C. T.S., is a part of the substantive law of this State. Its effect is to exempt subscribing employers from all common law or other statutory liability for personal injuries suffered by employees, except for exemplary damages, and to limit injured employees to those remedies provided for in that statute. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556. Except under certain conditions not here applicable, an employee of a subscriber is held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment. Art. 8306, Sec. 3a, V.A.T.S. Where the relationship of employer and employee is shown to exist and the defendant is a subscriber, as that term is employed in the Workmen's Compensation Law, an employee-plaintiff cannot, as a matter of substantive law, prove a

prima facie cause of action at common law for damages resulting from injuries suffered in the course of his employment. The law operates upon the plaintiff's prima facie case and is not a matter of defense either as a bar to or in avoidance of the action.

■ In view of the conclusions stated, the sole remaining question to be determined is the validity of appellee's counterpoint, under which he contends that it is not necessary to prove "actionable negligence" in order to maintain venue under the provisions of Sec. 9 and Sec. 9a, art. 1995, V.A.T.S. This contention appears to the Court to be also presented by his cross-point No. 4 hereinabove mentioned.

Section 9 of Article 1995, V.A.T.S., was amended and Section 9a thereof was enacted by the 53rd Legislature and became effective ninety days after May 27, 1953. Those sections provide as follows: "Art. 1995. 1830, 1194, 1198 Venue, general rule

\*  \*  \*  \*  \*  \*

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive. As amended Acts 1953, 53rd Leg., p. 390, ch. 107, § 1.

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries. Added Acts 1953, 53rd Leg., p. 390, ch. 107, § 2."

As we understand the appellee's contention, it is that upon the hearing of a plea of privilege, it is venue and not liability that is in issue. As a part of his argument, he contends with respect to Sec. 9a above quoted that since the Legislature has expressly stated, or, as he says, "spelled out" the venue facts which must be proved and since those requirements do not expressly include a showing of "actionable negligence," it is, therefore, not necessary to prove "actionable negligence" in order to maintain venue under that section of the statute. In other words, he contends that even though the trespass, crime, or offense proven under Sec. 9, or the negligence proven under Sec. 9a be of a type for which, as a matter of substantive law, a civil action in damages will not lie, or even where as here the record conclusively negatives the existence of a civil action in damages; nevertheless, venue should be maintained in the county where such trespass, crime or offense or negligence occurred. In view of the history of the legislation and our understanding of the rules of statutory construction, we are unable to agree with appellee's contention.

The only change made by the 53rd Legislature in amending Sec. 9 of art. 1995, as compared to the provisions of that Section under the Acts of 1947, was the addition of the words, "This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive."

Subdivision 9 of art. 1995 formerly read, "Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the

defendant has his domicile." Art. 1830, Subd. 9, V.A.T.S.1914.

It will be seen that the 1914 Act expressly required that the crime, offense, or trespass proven must be one for which a civil action in damages may lie, or, in other words, "actionable negligence."

In the case of Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1065, the Supreme Court of Texas, in discussing the meaning of the word "trespass" as used in the 1947 Act, said: "The act committed must be illegal, though it need not amount to a crime or an offense, for these words are also used in the statute, and embrace penal acts for which an action for damages may be allowed." It seems apparent from this statement by the Supreme Court that it did not consider the omission of the words "for which a civil action in damages may lie" from the 1947 Act changed in any way the meaning of such Section so as to fix venue in a county in which a trespass occurred without the requirement that it be such a trespass for which a civil action for damages might lie.

The same conclusion was reached by the Austin Court of Civil Appeals in the case of Downs v. McCampbell, 203 S.W.2d 302, and by this Court in the case of Thompson v. Elder, 263 S.W.2d 321.

It appears perfectly clear that the 53rd Legislature, in amending Section 9 and in enacting Section 9a of the present law, did so in the light of the construction which the courts of this State had placed upon Sec. 9 of the 1947 Act, namely that the trespass, crime, or offense must be one for which a civil action in damages would lie. We think it must be concluded that by the use of the words "negligence per se, negligence at common law or any form of negligence, active or passive" as used in Section 9a of the present Act, the Legislature meant negligence for which a civil action for damages will lie, or, in other words, actionable negligence.

Aside from these considerations, we think that the following expression appearing in 39 Tex.Jur., paragraph 95, pages 181 to 182, is significant: "When necessary to effectuate or preserve the legislative intent, the court will depart from the exact and literal import of a statute, or a particular part, provision or word thereof. Thus it has been decided that words or clauses should not be given their literal meaning when such an interpretation would thwart the plain purpose of the Legislature, or would lead to palpable absurdity, contradiction, injustice or uncertainty, if such construction can reasonably be avoided."

We think it would be palpably absurd, if not unjust, to say that venue can be maintained in a county other than the county of the defendant's residence in a case where the record conclusively demonstrates, as a matter of substantive law, that plaintiff cannot maintain the action brought. We hold that it is necessary, in order to maintain venue under either Sec. 9 or Sec. 9a of art. 1995, to prove either a trespass, crime or offense under Section 9, or negligence per se, negligence at common law, or any form of negligence, active or passive, under Sec. 9a, for which a civil action in damages will lie. In the present case, the showing that appellee was a borrowed servant of the appellant at the time of his injuries and the stipulation that appellant was a subscriber, as that term is employed in the workmen's compensation law of this State, conclusively negatives, in so far as this record is concerned, the existence of a civil action for damages. We, therefore, conclude that the trial court erred in overruling the plea of privilege of the appellant and that that judgment must be reversed and here rendered that the cause be transferred to the Distict Court of Tarrant County.

Reversed and rendered.

CODY, J., not sitting.