**A. C. RODGERS, Appellant,**

v.

**JACKSON BREWING COMPANY, Appellee.**

No. 3346.

Court of Civil Appeals of Texas.

Waco.

March 29, 1956.

Rehearing Denied April 19, 1956.

Reynolds N. Cate, San Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellee.

HALE, Justice.

Appellant, A. C. Rodgers, brought this suit against Jackson Brewing Company, Emmitt Wishert and Homer Cabbott for

the recovery of damages on account of personal injuries alleged to have been negligently inflicted upon him. He alleged that on December 27, 1954, he was an employee of Wishert, a distributor of Jax beer, residing at Karnes City, Texas, and as such he was driving a truck belonging to Wishert from New Orleans, Louisiana to Kennedy, Texas, the trailer attached to the truck being loaded with beer; that while he was proceeding in a northerly direction along the highway at about 7:00 o'clock P.M., an automobile traveling in a southerly direction brushed the truck he was driving and ran off the road; that he stopped his truck and alighted from the same in order to render assistance to the person or persons in the southbound car; and that he was returning from the wrecked car to the rear of his trailer in order to set out flares when an automobile being driven in a northerly direction by Cabbott struck him, thereby causing the injuries and damages of which he complained.

Jackson Brewing Company, appellee, filed its motion for summary judgment under Rule 166–A T.R.C.P., and attached to the same the affidavit of its vice president and general manager, R. G. Jones. The affidavit stated that neither Wishert nor Rodgers was an agent, employee or partner of appellee; that the only relationship between any of the parties was that Wishert was an independent distributor of Jax beer; that appellee sold the Jax beer to Wishert F.O.B. at their delivery platform at New Orleans, Louisiana, and Wishert arranged for the transportation of the same as he saw fit, sometimes by rail and sometimes by truck; that appellee exercised no control or supervision over Wishert's operation and did not control or supervise Wishert's employees or his automotive equipment; that on the occasion in question, Wishert sent his tractor-trailer for some beer on December 27, 1954 and Rodgers brought the order which had been prepared by Wishert, and the amount of beer ordered by Wishert was loaded into the trailer under the supervision of Rodgers; that appellee did not own the tractor-trailer driven by Rodgers on the occasion, and if the lights on the tractor or trailer were in any manner defective, no official of appellee knew of such defective condition, if any.

The motion of appellee for summary judgment was duly set for hearing and notice of the same was given as required by law. On the day of the hearing, appellant's attorney filed his affidavit, in which he set forth as a fact that the trailer had the word "Jax" on each side thereof, as shown by a photograph of the trailer. After setting forth the foregoing fact, appellant's attorney devoted the remainder of his affidavit to conclusions and arguments to the effect that such word printed on the sides of the trailer indicated to the general public that appellee had some kind of interest in said trailer; but there was no statement in such affidavit to the effect that appellee owned any interest in Wishert's business or in the tractor-trailer being driven by appellant or that appellant was an agent, servant or employee of appellee.

Upon hearing of appellee's motion for summary judgment, the same was granted and judgment was rendered that appellant take nothing against appellee.

Appellant predicates his appeal upon the following point of error: "Purpose of summary judgment rule is to ascertain whether issue of fact exists and is not to have court decide credibility of witnesses, weight to be given testimony, or issues of fact. Rules of Civil Procedure, Rule 166–A." We agree with the abstract statement in appellant's so-called "point of error" but we do not think such statement is of controlling effect in its application to the record before us. On the contrary, it appears to us that the pleadings of the parties, together with the affidavits submitted in connection with appellee's motion for summary judgment, show conclusively that there is no genuine issue as to any material fact in this case in so far as appellant and appellee are concerned, and that appellee is entitled as a matter of law to judgment that appellant take nothing against it.

Counsel for appellant states in his brief, as well as in his affidavit, that the word "Jax" on the sides of the trailer involved in this suit indicated to the general public that appellee was the owner of the trailer or had some character of interest in the same. We are aware of the rule set forth in many cases that where, in the absence of direct evidence, it is shown that the name of a person is lettered on a truck which is involved in a collision, a rebuttable presumption arises from that fact that such truck was owned by the person whose name is so lettered upon it. However, it is well settled that such is merely a rebuttable presumption and vanishes in the face of direct and positive evidence establishing the contrary. 9 Blashfield's Cyclopedia of Automobile Law and Practice, part 2, page 366; Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; Empire Gas & Fuel Co. v. Muegge, Tex.Com.App., 135 Tex. 520, 143 S.W.2d 763; Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, er. ref.; Walker v. Johnston, Tex.Civ.App., 236 S. W.2d 534, er. dis.

Furthermore, appellant was not a member of the general public within the meaning of the foregoing rule. Not only did he affirmatively allege in his pleadings that the truck which he was driving belonged to Wishert and that he was Wishert's employee in the driving of the truck on the occasion in controversy, but he failed to deny such facts under oath and he and his attorney wholly failed to controvert under oath any of the facts stated by appellee's vice president in his affidavit submitted in connection with appellee's motion for summary judgment.

Moreover, it is our view that even though an issue of fact had been raised as to the ownership of the tractor-trailer by appellee, such issue would have been immaterial in so far as the alleged liability of appellee is concerned. When the affidavits filed in this cause are considered in the light of the petition of appellant, we think it conclusively appears that no breach

of duty which appellee might have owed to appellant could have possibly been a proximate cause of the injuries and damages herein complained of. Schroeder v. Texas & Pac. Ry. Co., Tex.Civ.App., 243 S.W. 2d 261; Blythe v. Texas Crushed Stone Co., Tex.Civ.App., 269 S.W.2d 844, er. ref. n. r. e.

Having concluded there is no reversible error in the judgment appealed from, it is affirmed.