STRICKLAND TRANSPORTATION COM-
PANY, Inc., Appellant,

v.

Albert Cantu CARMONA, Appellee.

No. 3471.

Court of Civil Appeals of Texas.
Waco.

June 6, 1957.

Leachman, Gardere, Akin & Porter,
Dallas, for appellant.

Martin & Martin, Hillsboro, for appellee.

TIREY, Justice.

Strickland Transportation Co., Inc., has
perfected its appeal from an order over-
ruling its plea of privilege to be sued in
Dallas County, the county of its residence
(non-jury). There was no request for find-

ings of fact and conclusions of law and none filed.

The judgment is assailed on one point. It is: "The trial court erred in holding, contrary to the undisputed evidence before it, that venue as to defendant was properly laid in Hill County, Texas, under Sec. 9a, Art. 1995, Vernon's Revised Civil Statutes of Texas."

Appellee went to trial on his original petition and his controverting affidavit. Appellee in his petition alleged that his injuries and damages were proximately caused by the acts of negligence of the defendant and its servants and employees as follows: (a) Negligence of Earl Washington Alsup in failing to dim the headlights on the truck at the time and place in question and under the circumstances then and there existing.

(b) Negligence of Earl Washington Alsup in failing to dim the lights of the truck when within 500 feet or less of plaintiff's automobile.

(c) Negligence of the said Earl Washington Alsup in operating defendant's truck at an excessive rate of speed at the time and place of the collision and under the circumstances there existing.

Appellee in his controverting affidavit adopted the allegations in his original petition and alleged as a fact that the allegations contained in the original petition were true and correct. In Paragraph 3 he specifically set out that the accident occurred in Hill County, Texas, and that venue of this suit lies in Hill County, Texas, under the provisions of Sec. 9a of Art. 1995, V.A. C.S., as amended.

Appellant went to trial on its plea of privilege, which was in conformity with Rule 86, Texas Rules of Civil Procedure.

There was no exception to appellee's original petition nor to the controverting affidavit and in the absence of exceptions to the petition and to the controverting affidavit each will be liberally construed in the pleader's favor. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. See also Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758.

Evidence was tendered to the effect that this accident happened on the morning of December 8, 1955 in Hill County, Texas, on U. S. Highway 81, four miles south of Hillsboro. Patrolman Jercik was allowed to testify over appellant's objection that Alsup told him he was driving the truck at the time for Strickland Transportation Company of Dallas, and the patrolman also testified that he saw the name "Strickland Transportation Company" on the side of the truck that was at the scene at the time he arrived, and that the truck was loaded. The driver of the automobile was not interrogated at the scene of the accident and the patrolman first saw the plaintiff after the accident at the Hillsboro Clinic. The patrolman gave the locations of the respective vehicles at the time he arrived, but did not testify to anything further as to the facts surrounding the accident, other than reporting the testimony of Mr. Alsup that at the time of the collision the vehicles were being driven straight down the road at a moderate rate of speed. Appellee testified that he was driving in a northerly direction, and near the entrance of a detour to his right he was in collision with a truck-trailer, his vehicle striking the trailer portion in the middle of the trailer; that he had been guiding himself by the center stripe but that the lights of the oncoming truck-trailer were so bright that they blinded him; that because of the blinding lights he could not tell how fast the truck was traveling, nor did he know the exact location of the point of impact; that when he first noticed the bright lights of the truck, the truck was approximately 60 feet in front of him, although he had seen the truck for some little distance before that time. He did not testify in any manner as to the identity of the truck with which he collided nor its driver. Appellee relies solely on the provisions of Sec. 9a of Art.

1995, V.A.C.S. to sustain venue in Hill County, Texas.

Section 9a of Art. 1995, supra, is as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

■ In appellant's brief we find this statement: "The above quoted statute requires that all necessary venue facts elaborated therein be established by a preponderance of the evidence. Appellant contends that none of said necessary facts were so established at the plea of privilege hearing herein." We overrule this contention. It is true that appellee did not establish his allegation of excessive speed of the truck, but he did testify specifically to the effect that the driver of the truck failed to dim his lights just shortly before the collision, and that he hit his blinder twice in order to have the truck dim its lights, but that the trucker wholly failed to dim his lights and that it was this brightness that prevented his seeing his side of the highway, and that it caused the accident. Appellant says that this testimony is com-

pletely uncorroborated, although there was another passenger in plaintiff's vehicle at the time who might have testified. That is true, but the evidence of the appellee still remains and it was for the trier of the facts to weigh the evidence in connection with all of the surrounding circumstances. Again in appellant's brief we find this statement: Even if this Honorable Court should feel that at least an act of negligence was established by the evidence, appellant contends that there is no preponderating evidence that such act or omission was that of the defendant in person or that of its servant, agent or representative acting within the scope of his employment. We overrule this contention.

■ The plaintiff testified to the factual situation that Alsup was the driver and operator of the truck; that the truck was loaded, and on the side of the truck were the words "Strickland Transportation Company." Since the truck was loaded and on a public highway, and since it had the words "Strickland Transportation Company" on the side of the truck, we think such factual situation under all of the facts and surrounding circumstances raises the presumption that the truck belonged to the Strickland Transportation Company and that it was being driven by one legally in its employ and in the discharge of his master's business. We think the factual situation here, in the absence of evidence to the contrary, raised the presumption that the driver of the truck was engaged in the business of driving the truck for Strickland Transportation Company at the time of the accident, and that it is sufficient to make a prima facie case on the hearing on the plea of privilege. We base our decision in this instance on the doctrine announced by this court in Houston News Co. v. Shavers, Tex.Civ. App., 64 S.W.2d 384 (writ ref.). See also Rodgers v. Jackson Brewing Co., Tex.Civ. App., 289 S.W.2d 307, pt. 2, at page 309, (Ref. n. r. e.). Under the evidence here tendered the presumption did not vanish.

Our view in this behalf is strengthened by Sec. 6 of Art. 6701c–1, same being

amended by the 53rd Leg., p. 561, chap. 209:

"Sec. 6. No commercial motor vehicle or truck-tractor shall be operated over any public highway of this State when said vehicle is being operated by a person other than the registered owner or his agent, servant or employee under the supervision, direction, and control of such registered owner, unless there shall be affixed in a conspicuous place on each side thereof a sign or placard, in letters not less than two inches in height or less than one-fourth inches in width, showing the name and address of such person, firm or corporation under whose control, direction and supervision said vehicle is being operated, whether individually or through an agent, servant or employee, under the supervision, direction, and control of such person, firm or corporation other than the registered owner. Such sign or placard as is required by the provisions of this section to be affixed in a conspicuous place on each side of the vehicle need not be painted on such vehicle but may be placed on a durable placard, canvas or other material by painting, drawing, stenciling or otherwise, and in such event such placard or canvas or other material shall be securely affixed to each side of such vehicle."

As to quantum of proof required, see Central Motor Co. v. Roberson, Tex.Civ. App., 139 S.W.2d 287; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Medford v. First National Bank of Evant, Tex.Civ.App., 212 S.W.2d 485 (no writ history); Process Engineering Co. of Ft. Worth v. Rosson, Tex.Civ.App., 287 S.W. 2d 511 (no writ history).

Since there was an allegation and evidence to the effect that defendant's truck had its lights on prior to the time of the accident, in that the driver testified that the lights of the truck blinded him, it is our view that this allegation and proof estab-lishes negligence as a matter of law under the provisions of Art. 6701d, Sec. 127 and subsection (b). See Acts 1955, 54th Leg., p. 817, chap. 303, sec. 3. Finally, we think Sec. 9a aforesaid should be given the same construction as formerly given to Sec. 9 of Art. 1995, V.A.C.S. See Process Engineering Co. v. Rosson, supra.

As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3-B Tex.Jur. pp. 370 and 373. (This general rule also applies to cases tried without the aid of a jury). There is another general rule to the effect that " 'the rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz [150 Tex. 75], 237 S.W.2d 286. See also cases collated under 4 Texas Digest, Appeal and Error, See Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, 430 (no writ history).

Because of the views here expressed, we think the implied finding of the trial judge that the truck in question belonged to appellant and that the driver, under all of the facts and circumstances, was engaged in his master's business is supported by the evidence; nor do we believe such implied finding is unreasonable. See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. We believe it is our duty to affirm the holding of the trial court.

Accordingly, the judgment of the trial court overruling plea of privilege is affirmed.