**ARCHIE LACY TRUCK LINES, Appellant,**

v.

**Anson D. SMITH, Appellee.**

No. 6486.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 28, 1961.

Rehearing Denied Oct. 25, 1961.

Bryan & Patton, Houston, for appellant.

Alvin E. Wiggins, Daylee Wiggins, Beaumont, for appellee.

McNEILL, Justice.

This is an appeal by Archie Lacy Truck Lines from an order of the district court of Hardin County overruling its plea of privilege to be sued in Harris County. Appellee instituted the suit to recover damages for personal injuries sustained by him on April 14, 1960, while helping unload pipe from a truck on a pipe line right of way. It was alleged that at the time appellee was an employee of Mallard & Mallard, a company building the pipe line; that pipe was caused to fall upon appellee from the truck; that the accident took place in Hardin County and was the result of negligence of appellant's truck driver. Appellee controverted the plea of privilege, asserting his right to maintain suit in Hardin County by virtue of Sec. 9a, Art. 1995, Vernon's Ann.Tex.Civ.Stats.

■ Supported by six points, appellant contends that the trial court erred in overruling its plea. The first, because there was no evidence to prove that the accident happened in Hardin County. While the proof is not the clearest, we think there was evidence to sustain the implied finding that the accident happened in Hardin County. We quote the following excerpts from appellee's testimony:

"Q. And what were you employed to do for Mallard & Mallard Construction? A. We were laying a pipe line.

"Q. Where were you laying a pipe line? A. Right out of Village Mills here in Hardin County."

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. (By Mr. Wiggins) How far out of Village Mills were you working, Mr. Smith? A. I'd say about three or four miles out of Village Mills.

"Q. Toward what direction? A. That, I couldn't say.

"Q. Was it East, West, North, or South of Village Mills? A. Well now, I couldn't say; all I know, we turned right out of Village Mills."

Appellee testified that he went about three miles to a big oil field. The evidence indicates Village Mills is sometimes called Long Station. W. L. Selman, appellee's witness, testified that, "if you turn off to the right at Long Station you would go toward Brooks Field, and that direction would throw you East and you would have stayed on within Hardin County until you crossed the Farm-Market Road going north that leads out of the town of Village Mills and you could have gone if you crossed that and went approximately a mile and a half north of the paved road, Farm-Market Road that crosses the Beech Creek and connects with the Silsbee and Spurger Highway you can get into Tyler County by getting over on that." "Q. But if you turn off to the right on the road we are speaking of there at Long Station—My question was if you turned to your right on any of those roads at that location, would you still be in Hardin County. A. If you traveled due east you would. Q. If you turned to your right? A. Yes, sir, if you turned to your right you are traveling east." Mr. Selman said if he passed Brooks oil field and went a mile and a half North one could get into Tyler County. Since appellee stated he went three or four miles out of Village Mills and it was three miles to the oil field he would have to travel another mile and a half before he could get into Tyler County.

■ The second point urges there was no evidence to prove that there was any negligence on the part of defendant, and the third point is that there was insufficient evidence of such negligence. The facts show that the Archie Lacy Truck Lines' truck, operated by its driver, was loaded with large pipe and that it was being driven along the pipe line right of way as the sections of pipe were unloaded. It took three men, employees of Mallard & Mallard, to unload the pipe, one joint at a time, so that as each joint was unloaded, the Mallard & Mallard foreman in charge of unloading would have the truck pull forward a sufficient length for another joint to be rolled

off. There was one employee at each end of the pipe and appellee was working in the middle. There was no actual bed on the truck. The testimony showed that the pipe line right of way was relatively smooth and that the ground had been "bladed off" by a bulldozer. A short time before the accident happened there was some discussion between the truck driver and the Mallard & Mallard foreman about pulling the pins from the side of the truck so that the pipe could be moved off the truck easier. Appellee stated that while he could not swear to it, he believed the truck driver pulled the front pin. At any rate, the pins were pulled and appellee testified that then the truck "was supposed to be moved real easy and slow", but the driver jerked the truck and caused several pipe to roll down and off the truck onto appellee before he could get out of the way. No one told the driver how to operate the truck but the Mallard & Mallard foreman told him where to go—he would tell the driver how far to pull up and place his truck so that the pipe could be unloaded at the right location. We think these circumstances dictated caution on the part of the driver in handling the truck.

▮▮ The fourth point relied upon by appellant is that there was no evidence to prove the driver of the truck was the agent or servant of appellant, acting within the scope of his employment at the time of any alleged injury; and the fifth point is like it, that the evidence in such respect was insufficient. At noon before the accident happened that afternoon, appellee ate lunch with the truck driver and the truck driver then told appellee that he was employed by the Archie Lacy Truck Lines. This evidence was admitted over appellant's objection that agency may not be so established. The declaration of a person that he is the agent of another is ordinarily inadmissible to prove agency; but it may be admitted in corroboration of other evidence of agency. Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54. Such other evidence should be sufficient, prima facie, to show the fact

of agency or employment. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442. The other evidence admitted showing the truck driver was in the employment of appellant was the sign on the truck itself. Appellee testified the sign said, "Archie Lacy Trucking Company." Is the fact that the name of the truck line on the truck itself as it was driven along unloading the pipe sufficient, prima facie, to prove that its driver was an employee of the named company and in the scope of his employment? In the absence of any proof to the contrary, we hold it is sufficient. Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; Strickland Transportation Co. v. Carmona, Tex.Civ.App., 303 S.W.2d 851. The fact that the name of defendant was "Archie Lacy Truck Lines" though appellee stated the name on the side of the truck to be "Archie Lacy Trucking Company" was, we think in the circumstances, an immaterial variance. 9B Blashfield's Cyclopedia of Auto. Law & Practice, Sec. 6056, p. 525.

▮ In its sixth point appellant says even though the evidence justifies the court's implied finding that the driver was in its general employment, it does not follow that the driver was under its control at the very time of the accident, but occupied the position of a loaned servant. It supports this proposition with Hilgenberg v. Elam, 145 Tex. 437, 198 S.W.2d 94. The facts show that no one told the driver how to operate the truck itself, but he was told by the foreman on the right of way where to place the truck so that each joint of pipe could be unloaded at the right location. If the Hilgenberg case is decisive, it must be determined which employer had the right of control over the driver in respect to the particular act from which the injury arose. Whether the truck driver was subject to the direction and control of the foreman in respect to the method in which he drove the truck is not clear from the evidence. No such control was attempted. In view of the fact that as an employee of the truck line it was his duty to unload or

see that the pipe was unloaded, the implied finding of the court that he was acting for the truck line was justified. Whether the unloading was done joint by joint, strung along a pipe line right of way or whether the pipe was all unloaded at the same point does not necessarily change the relationship. This does not appear to be a case of the truck and its driver having been loaned to another contractor. Rather it appears to be a case where part of the work was being done by the trucking company and part by the pipe line construction company. Long v. Metcalf, Tex.Civ.App., 134 S.W.2d 485 (488).

The judgment of the trial court is affirmed.