Don H. MOBLEY, Appellant,

v.

Christ MOULAS, Individually and Continental Trailways, Inc., Appellees.

No. 6162.

Court of Civil Appeals of Texas, El Paso.

May 19, 1971.

Rehearing Denied June 16, 1971.

Yetter, Johnson & Allen, Richard Yetter, Carl T. Johnson, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, George W. Finger, El Paso, for appellees.

OPINION

WARD, Justice.

This appeal is from a take nothing summary judgment granted in favor of the Defendants below, Christ Moulas as the bus driver, and Continental Trailways, Inc., as the bus company, in an action brought to recover damages for personal injuries suffered in a two bus accident. Mr. Don Mobley, the Plaintiff-Appellant, alleged that on February 22, 1966, he was driving a bus for his employer, American Bus Lines, Inc., and that while making a trip from Ft. Bliss, to Ft. Hood, Texas, he was rear-ended by another bus which was driven by Christ Moulas and which bus was marked Continental Trailways, and was, at the time, either owned or leased by Continental Trailways, Inc. The grounds of negligence alleged against the Defendant Continental Trailways, Inc., were that as owner or lessee of the bus, it had a duty to inspect, maintain, and repair the bus and was negligent in failing to do so and operated the bus with defective brakes. As against the operator of the bus, Moulas, it was alleged that he was negligent in the manner in which he drove the bus. We affirm the judgment of the trial Court.

The motion for the summary judgment filed by the Defendants was predicated on the contention that no cause of action existed by virtue of the provisions of Vernon's Ann.Civ.St. article 8306, Section 3, of the Workmen's Compensation Act of Texas; that both the Plaintiff, Don H. Mobley, and the Defendant, Christ Moulas, were employed by American Bus Lines, Inc. on the date of the accident and that both of the buses involved in the accident were owned and operated by American Bus Lines, Inc., which at the time was a subscriber under the Workmen's Compensation Act of Texas with Northwestern National Insurance Company as the carrier; that the Defendant, Continental Trailways, Inc., neither owned nor operated nor leased the buses involved nor did it have any legal responsibility for either their maintenance or repairs; and that actually, the Plaintiff is attempting to sue his employer and his co-employee when the Plaintiff's exclusive remedy is under the Workmen's Compensation Act.

The summary judgment proof consists of admissions, depositions, and numerous affidavits which we will attempt to summarize. Defendant's requests for admissions established the facts that the Plaintiff, Don Mobley, had been employed by American Bus Lines, Inc., for approximately three and one-half years as a bus driver at the time of the accident. That as a result of alleged injuries that arose out of the accident of February 22, he filed a notice of injury and a claim for Workmen's Compensation with the Texas Industrial Accident Board on March 28, 1967, and after his claim for compensation was denied, he attempted to appeal the denial of his claim by filing suit on August 11, 1967, against Northwestern National Insurance Company. Thereafter, he took a nonsuit on January 10, 1968. Other matters were inquired about in these requests for admissions relating to an immaterial date as far as this suit was concerned.

Affidavit of R. W. Mayfield, the Secretary of Continental Trailways, Inc., established the facts that Continental Trailways, Inc., the Defendant in this action and during the relevant time, was a Texas Corporation and was not a common carrier for the transportation of passengers in Texas or any other state; it did not own or operate any buses of any kind or type whatsoever; it did not own or operate Silver Eagle Bus 6706 or Silver Eagle Bus 6713; that it had no certificated routes or any employees who operated any buses; that neither Christ Moulas nor Don Mobley had ever been employed by Continental Trailways, Inc., as any agent, servant or employee or had ever been employed in any capacity.

Two affidavits of A. J. Hamilton, the Vice-President of American Bus Lines, Inc., established the facts that at the material times, American Bus Lines, Inc., was a common carrier for the transportation of passengers throughout the State of Texas and owned and operated the two buses involved in the accident and being the Silver Eagle Bus No. 6706 and Silver Eagle Bus No. 6713; that the two drivers, Christ Moulas and Don Mobley, at the time of the accident, were employed by American Bus Lines, Inc.; that the two buses were not leased by any other corporation or person; that American Bus Lines, Inc., was and is a Delaware Corporation with a permit to do business in the State of Texas as reflected by the certificate of the Secretary of State attached; that the home office of American Bus Lines, Inc. is in Los Angeles, California; that the two buses were registered and licensed in the State of Nebraska as reflected by duplicate copies of the Nebraska certificates of title attached, both of which showed that American Bus Lines, Inc. was the owner of the two buses.

Affidavits of V. D. Willey, the Division Superintendent for American Bus Lines, Inc. in El Paso established the facts that at all material times, American Bus Lines, Inc. was a common carrier for the transportation of passengers throughout the State and owned and operated the two mentioned buses and that the buses were not leased to nor operated by Continental Trailways, Inc.; that on February 21, 1966, the United States Army at Fort Bliss, El Paso, issued a Military Route Order No. 1648 through R. B. Nisbet, the Military Representative for all motor bus carriers, which included American Bus Lines, Inc., but did not include Continental Trailways, Inc.; and that Continental Trailways, Inc. is not a common carrier and does not own or lease any buses. Pursuant to the issuance of the Military Route Order No. 1648, American Bus Lines, Inc. issued Charter Bus Order No. 29100 which reported that its employees, Christ Moulas and Don Mobley were to operate its buses numbered 6713 and 6706 and the Military Route Order No. 1648 was performed by American Bus Lines, Inc. Continental Trailways, Inc. is a trade name utilized by American Bus Lines, Inc., and American Bus Lines, Inc. as the owner and operator of the two buses involved had the sole responsibility for the maintenance and repair as well as the operation of the buses and its operated shops in El Paso for the main-

tenance and repair of these buses. Mr. Moulas and Mr. Mobley were dispatched by Mr. Willey to make the trip from Ft. Bliss to Ft. Hood and were authorized to operate the two American Bus Lines, Inc. Nos. 6713 and 6706 respectively. After the accident, both drivers reported the accident to him. After the Plaintiff returned to El Paso from the trip where the accident occurred, he filed his expense account for bus No. 6706 for the trip with American Bus Lines, Inc. which was approved. His purchases for fuels on the trip were made by the Plaintiff and the purchases were charged by him to American Bus Lines, Inc. Mr. Mobley also filed his operator's daily claim for extraordinary wages with American Bus Lines, Inc. for his payment for the said charter trip on forms directed to American Lines which is the account name for American Bus Lines, Inc. and provided for this purpose by American Bus Lines, Inc. American Bus Lines, Inc. reimbursed Mr. Mobley for his expenses and paid his wages for the trip. The identical procedure was followed for Mr. Moulas, as the driver of bus No. 6713.

Affidavit of the Defendant, Christ Moulas, in substance is to the same effect as the above. The deposition of the Plaintiff himself largely supports the statements set forth above.

It appears from the above that we have set forth innumerable conclusions. In the interest of space, we have not mentioned the innumerable documents and original records attached as part of the affidavits upon which most of these statements are based.

█ Appellees have assumed the burden of establishing that there was no genuine dispute as to any material fact, and that they are entitled to judgment as a matter of law on their summary judgment proof, Rule 166–A(c), Texas Rules of Civil Procedure; Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). It is the appellant's contention that they have failed to do so in three instances and that material

fact issues are present for final determination.

First, an affidavit of Col. Dailey, the Transportation Officer at Ft. Bliss was presented by the appellant which reads that "to the best of my knowledge, my records show that in early 1966, a Military Route Order Number 1648 was issued, whereby the United States Government contracted with five carriers to convoy troops from Fort Bliss, Texas, to Fort Hood, Texas. The contract award was as follows: Four 38 passenger buses to Continental Trailways Inc.—These buses departed at or about 1500 to 1600 hours, on February 21, 1966, in route to Fort Hood, Texas. To the best knowledge and information available to me, this is an accurate reproduction of the records on file in my department." Second, a prorate license receipt for the year 1967, was introduced as summary judgment proof by the Appellant showing that on buses numbered 6713 and 6706 the Texas Highway Department had issued prorate licenses for that year on these two buses in the name of "Continental Trailways". Lastly, the Appellant relies on the summary judgment affidavit of Mr. Willey as introduced by the Defendants below that the name of "Continental Trailways" may have appeared on the side of the two buses, and that the so-called "branded car doctrine" creates a fact issue as to ownership or control of the bus No. 6713 driven by Mr. Moulas.

As to the obvious conclusion based on hearsay statement of Col. Dailey and which was objected to by the Appellees, the affidavit does not question the ownership or operation of bus No. 6713 at the time of the accident. Further, irrespective of the name of the company to whom the order was directed, it is undisputed from all the evidence that pursuant thereto, American Bus Lines, Inc. issued its charter bus order number 29100, designating its employees, Christ Moulas and Don Mobley to operate its buses 6713 and 6706, respectively, and American Bus Lines, Inc. actually carried out the troop movement. There is no valid

evidence before us that Continental Trailways, Inc. was ever involved in the troop movement. As to the prorate receipt, it is sufficient to say that it does not even relate to the year 1966, the year in which operation of bus 6713 is material. And finally, no issue of fact as to ownership or lease of bus 6713 arises under the so-called "branded car doctrine". It is undisputed that the term "Continental Trailways" is a trade name utilized by American Bus Lines, Inc. There is no evidence that the name of the corporate entity, "Continental Trailways, Inc." appeared on the bus. In addition, the general rule in Texas is that the doctrine merely creates a rebuttable presumption of ownership which ceases to have effect, application or function upon the introduction of direct and positive evidence establishing the contrary. Mosqueda v. Albright Transfer and Storage Co., 320 S.W.2d 867 (Tex.Civ.App., Ft. Worth 1958, writ ref'd. n. r. e.); Aetna Casualty and Sur. Co. v. Avant, 390 S.W.2d 533 (Tex. Civ.App., San Antonio 1965, writ ref'd, n. r. e.). Rodgers v. Jackson Brewing Co., 289 S.W.2d 307 (Tex.Civ.App., Waco 1965, writ ref'd. n. r. e.).

We are aware that the general rule in Texas has been that where possession or ownership or control of certain property is the very point in issue, a strict application of the opinion rule by our Courts has forbidden the reception of a witness's statement to the effect that he or some other person was in possession of or owned or had control of certain property. McCormick and Ray, Texas Law of Evidence, Sec. 1426. We have ignored the witness statements to this effect. But we have not ignored the documentary evidence nor the facts that have established that bus 6713 was owned, operated and controlled by American Bus Lines, Inc., at the time of the accident and that the Appellee, Continental Trailways, Inc., had no connection therewith. The factual testimony to this effect was clear, direct and positive and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon and the Appellees were entitled to summary judgment as a matter of law. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965).

In addition as to the Appellee, Christ Moulas, no complaint has been made on this appeal as to the granting of the summary judgment in his favor.

The judgment of the trial Court is affirmed.