**HALLIBURTON COMPANY et al.,**
Appellants,

v.

Elmer R. ANDREWS et al., Appellees.

No. 16392.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1963.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, and Ralph Zeleskey, Lufkin, for appellants.

J. V. Price, Groveton, and Joe J. Newman, Houston, for appellees.

MASSEY, Chief Justice.

This is an appeal from a judgment overruling pleas of privilege. We affirm this judgment.

J. D. Carter, defendant, was an agent, servant and employee of Halliburton Company, defendant. Carter was a truck driver. He had a flat tire on one of the inside dual wheels of the Halliburton truck which was in his charge. He pulled the truck into the service station of plaintiff Elmer R. Andrews. Tex Malone Hightower, plaintiff, was an employee of Andrews. Andrews and his employees removed the outer wheel with its undamaged tire, then the inside wheel or rim and damaged tire. It was discovered that the tire was so damaged that it had to be replaced. Since the Halliburton Company had a tire maintenance contract, Carter could not purchase a new tire from Andrews, but had to send to another nearby town for a replacement.

Therefrom was obtained a replacement tire, already mounted and under pressure. In other words it was already "aired up". It was a used or repaired tire. The replacement tire was delivered to Andrews' service station in Trinity County and the services of Andrews were engaged to install it on the truck. It was during the course of this installation that the plaintiffs sustained personal injuries alleged to have proximately resulted from the negligence of defendant Carter, and, under the doctrine of *respondeat superior,* of defendant Halliburton Company.

█ Andrews attempted to install the tire by thrusting the hub within the rim and wheel upon the shaft of the axle and into a position where the lug-bolts could be screwed onto the lugs, thus anchoring the inside wheel. The top of the tire and wheel tilted "in" and the bottom tilted "out" resulting in a "bind" on the axle. Solution indicated necessity of either pulling the top of the tire and wheel back "out", or the pushing of the bottom "in". With this done it would have been possible to get the lugs through the openings of the wheel so that the wheel might be bolted on. Difficulty was experienced. Voluntarily acting, Carter picked up a sledge hammer, part of the equipment at Andrews' station, and holding same by its twenty-four inch handle swung it against the lower part of the tire. He struck the tire, and perhaps the "locking ring" which served to secure the tire within and to the rim, one or more times, whereupon the tire exploded. Plaintiffs Andrews and Hightower sustained injuries. It is not entirely clear whether the explosion was by the bead of the tire coming free from the rim (and "locking ring") or the result of an ordinary "blow out" through the carcass of the tire. We believe it immaterial to the proper decision on venue. The issues, if not completely in accord with the pleadings, were tried by the implied consent of the parties, and being before the court without a jury are to be treated as raised by the pleadings whether actually so or not, Texas Rules of Civil Procedure, rule 67, "Amendments to Conform to Issues Tried Without Objection."

██ In the controverting affidavits of the plaintiffs their right to retain venue in Trinity County was asserted under V.A.T.S. Art. 1995, "Venue, general rule", Exception 9a, "Negligence". No demand was made therefor and no findings of fact and conclusions of law appear in the record. We need examine the whole of the evidence in the determination of the defendants' contentions that there was no evidence to support any finding by the court that they were guilty of negligence which was the proximate cause of the occurrence and plaintiffs' injuries, and alternatively that the presumed finding of the existence of negligence which was proximate cause of plaintiffs' injuries was so against the great weight and preponderance of the evidence that another trial should be required.

Defendants particularly emphasize their contentions relative to the question of proximate cause in this case. They say that the plaintiffs "failed to prove by a preponderance of the evidence that an ordinary prudent person would have foreseen that the truck tire would explode when struck by a sledge hammer."

It has been suggested that a jury should always be at liberty to conclude it "foreseeable" to a person of ordinary prudence that a blow of any force delivered to a container, flexible or rigid, known to contain a gaseous or liquid substance under pressure,—or to a contrivance which holds the pressure within such container,—might provide the facility by which the substance would be enabled to escape; further, that the jury might furthermore be at liberty to conclude that such escape might be by explosion out of the container in sufficient force to cause or result in injury to persons or property in close proximity; and still further, that the deliverer of such a blow was negligent in the delivery and the negligence a proximate cause of the injury or damage which did in fact result. We have no need to go so far. All members of this court agree that

in view of the evidence in the instant case the trial court, as the fact finding agency, was entitled to factually conclude that the defendants' action was negligence which proximately caused the explosion and the resultant injuries to the plaintiffs. We further agree that the defendants' "foreseeability" was raised and became an element for consideration. No findings impliedly made would be so against the great weight and preponderance of the evidence as to be manifestly unjust. See 155 A.L.R., p. 157, Annotation: "Foreseeability as an element of negligence and proximate cause".

Judgment is affirmed.