Walter S. **FIELDS**, d/b/a Tex-Mex Drilling Company, Appellant,

v.

John **FORD**, Appellee.

No. 80.

Court of Civil Appeals of Texas. Tyler.

Oct. 15, 1964.

Rehearing Denied Nov. 5, 1964.

Herbert Boyland, Kenley, Ritter & Boyland, Longview, for appellant.

J. O. Bean, Bean, Francis, Ford & Francis, Dallas, Crawford Parker, Jr., Carthage, for appellee.

SELLERS, Justice.

This is a Plea of Privilege case wherein the Appellee, John Ford, seeks to sustain venue in Panola County under Section 9a, Article 1995, R.C.S., Texas. This section authorizes suits to be maintained in the county where an injury occurred as a result of negligence proximately causing the injury.

The hearing of the Plea of Privilege was before the court without a jury and resulted in a judgment overruling the Plea of Privilege, from which ruling the appellant, Tex-Mex Drilling Company, has duly prosecuted this appeal.

The undisputed facts are that Tex-Mex Drilling Company, as the name indicates, was drilling an oil well in Panola County and had reached a certain stage where it was necessary to set casing. To do this work, Tex-Mex Drilling Company employed Power Tongs, Inc., for whom Appellee, John Ford, worked to install the casing in the hole being drilled by appellant. This put two crews on the job at the same time, one known as the drilling crew and the other as the casing crew. The casing crew came on the job about 7:30 in the evening. It was dark but the drilling rig was lit up with electric lights. The drilling rig has what is commonly known as a block and tackle, referred to herein as the traveling block. This block weighs a ton or better. It operates up and down inside the derrick and is used to remove from the well casing or drill stem as needed. This block is operated by a power control located somewhere on the floor of the drilling rig and the power control is operated exclusively by the foreman in charge of the drilling crew.

There was on the outside of the derrick a ladder that extends up several feet, and then an off-set about a foot, and the ladder continues on up appellant's derrick for several feet, at least some 30 feet or more. Appellee Ford, in order to install a platform in the derrick which was needed in placing the casing in the well, climbed this ladder up to a point of some 20 or 30 feet, from which point he fell and struck his head on an object below with such force that a brain injury occurred and he has not been able since to remember anything about the accident or to tell how it happened. He so states while on the witness stand as a witness.

The only other witness to testify on the hearing was Archie Bentley, a member of the casing crew. The effect of his testimony is that he was working on the ground immediately under where the appellee was on the ladder and on the same side of the derrick, that he heard a rattling noise up in the derrick which sounded like steel against steel and he immediately looked up and saw the appellee about 20 or 30 feet in the air completely loose from the ladder, falling in a standing position. His feet and hands were not touching the ladder on the derrick. At the time he looked up the big ton block

was swinging away from the side of the derrick where the appellee had gone up the ladder and that he saw the block swing back against the derrick twice after he looked up, that it struck the derrick some 20 or 30 feet up from the floor of the derrick just about the place where the appellee was when he first saw the appellee falling. He further testified that a man riding the traveling block could not have caused it to swing and hit the derrick.

We are of the opinion that these facts are sufficient to sustain the trial court's findings of negligence on the part of the foreman of drilling crew in the operation of the power which controls the traveling block, and that such negligence was the proximate cause of appellee's injury.

The facts of this case are very similar in legal effect to the following cases: Halliburton Company v. Andrews, Tex.Civ.App., 366 S.W.2d 240; Archie Lacy Truck Lines v. Smith, Tex.Civ.App., 350 S.W.2d 216.

The judgment of the trial court is affirmed.